120 F.3d 268
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James S. INNES, Plaintiff-Appellant,
v.
MECHATRONICS INC., a Washington corporation; Edward P.
Knopf; Jane Doe Knopf, husband and wife & the marital
community composed thereof; William P. Messenger; Jane Doe
Messenger, husband and wife and the marital community
composed thereof, Defendants-Appellees.
 No. 96-35515.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1997**
Decided July 17, 1997.
 
 Before HUG, Chief Judge, KOZINSKI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 James S. Innes appeals the district court's order denying his motion to amend his complaint and the court's judgment granting defendants partial summary judgment.[1] Innes alleged defendants discriminated against him in violation of the Americans with Disabilities Act ("ADA") and interfered with his protected rights under a health care plan governed by the Employee Retirement Income Security Act ("ERISA") in connection with his termination. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 Motion to Amend
 
 3
 Innes contends the district court clearly erred by finding he unduly delayed filing his motion, and by finding defendants would be prejudiced were leave to amend granted. Consequently, he contends, the court abused its discretion by denying his motion. These contentions are meritless.
 
 
 4
 We review for abuse of discretion the district court's denial of a motion to amend, see Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir.1990), and for clear error the court's related factual findings, see United States v. Pend Oreille Pub. Util. Dist., 28 F.3d 1544, 1553 (9th Cir.1994). Although leave to amend "shall be freely given when justice so requires," Fed.R.Civ.P. 15(a), it "is not to be granted automatically," Jackson, 902 F.2d at 1387. The court may deny a motion for leave to amend if permitting an amendment would, among other things, cause an undue delay in the litigation or prejudice the opposing party. See id. "Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." Id. at 1388. Prejudice, which is the most important factor, may arise if the opposing party would need to conduct additional discovery because the proposed claim "advance[s] different legal theories and require[s] proof of different facts." See id. at 1387.
 
 
 5
 Here, the district court denied Innes's motion because he filed it less than six weeks before the close of discovery, and because defendants would have been "substantial[ly] prejudice[d]" by having to procure additional expert witnesses and conduct additional discovery. A little more than two months after filing his original complaint and almost six months before filing his motion, Innes sought opposing counsel's consent to amend. Almost five months before filing his motion, Innes filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), alleging defendants had violated his rights under the ADA and seeking a right-to-sue letter. More than two months before filing his motion, Innes received notice of his right to sue from the EEOC, but did not inform his counsel of this notice until roughly two weeks before his motion was filed. Neither Innes nor his counsel offered an explanation for this delay.
 
 
 6
 Under these circumstances, Innes knew or should have known the facts and theories raised by the proposed amendment when he filed his original complaint .[2] See id. at 1388. Thus, the district court did not clearly err in finding Innes had unduly delayed filing his motion. See Pend Oreille Pub. Util. Dist., 28 F.3d at 1553. In addition, because Innes's proposed claims "advance[d] different legal theories and require[d] proof of different facts," allowing the amendment would have prejudiced defendants by requiring them to conduct additional discovery. See id. at 1552-53; Jackson, 902 F.2d at 1387. We conclude the district court did not abuse its discretion in denying Innes's motion to amend his complaint. See Jackson, 902 F.2d at 1387.
 
 Summary Judgment
 
 7
 Innes contends the district court erroneously granted defendants summary judgment because he presented a prima facie case of disability discrimination under the ADA. This contention lacks merit.
 
 
 8
 We review de novo the district court's grant of summary judgment. See Holihan v. Lucky Stores, Inc., 87 F.3d 362, 365 (9th Cir.1996), cert. denied, 117 S.Ct. 1349 (1997). "Summary judgment is appropriate if, viewing the evidence in the light most favorable to the nonmoving party, there are no genuine issues of material fact in dispute and the district court correctly applied the relevant substantive law." Id.
 
 
 9
 The ADA prohibits an employer from discriminating "against a qualified individual with a disability because of the disability." See 42 U.S.C. § 12112(a); accord Bradley v. Harcourt, Brace & Co., 104 F.3d 267, 271 (9th Cir.1996). Thus, to state a prima facie ADA claim, the plaintiff must prove that he has a disability and that he suffered an adverse employment action because of the disability. See Sanders v. Arneson Prods., Inc., 91 F.3d 1351, 1353 (9th Cir.1996), cert. denied, 117 S.Ct. 1247 (1997). A "disability" includes a physical impairment that "substantially limits one or more" of an individual's "major life activities." See Bradley, 104 F.3d at 271 (quotations and citation omitted). Major life activities are "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." See 29 C.F.R. § 1630.2(i). An impairment does not substantially limit an individual's ability to work unless it prevents the person from working at a particular job and a class or broad range of jobs. See Holihan, 87 F.3d at 366; see also 29 C.F.R. § 1630.2(j)(1) ("substantially limits" means individual cannot perform, or is significantly restricted as to condition, manner or duration under which he can perform, a major life activity).
 
 
 10
 Here, Innes maintains he was disabled within the meaning of the ADA because his cancer treatment "substantially limited his ability to stay awake and alert." Even if "stay[ing] awake and alert" is a major life activity for ADA purposes, cf. 29 C.F.R. § 1630.2(i), Innes admitted he was able to perform all of his job duties while undergoing treatment, despite the treatment's side effects. Thus, the district court correctly determined Innes was not disabled within the meaning of the ADA, cf. Bradley, 104 F.3d at 271 (no disability where plaintiff failed to present evidence to support assertions that concentration and memory problems substantially limited ability to work), and that he failed to establish a prima facie case of discrimination under the ADA, see Sanders, 91 F.3d at 1353. Accordingly, the district court correctly granted defendants summary judgment on Innes's ADA claim.[3]
 
 
 11
 Finally, Innes contends the district court erroneously granted defendants summary judgment because he presented a prima facie case of unlawful interference and retaliation under ERISA. This contention is meritless.
 
 
 12
 Section 510 of ERISA prohibits an employer from taking an adverse action against an employee because the employee has exercised his rights under the provisions of an employee benefit plan. See Kimbro v. Atlantic Richfield Co., 889 F.2d 869, 880 (9th Cir.1989); see also DeVoll v. Burdick Painting, Inc., 35 F.3d 408, 411 n. 2. (9th Cir.1994) (employer cannot interfere with employee's use of benefits provided by employer). To prevail under section 510, a plaintiff must establish that his employment was terminated "because of a specific intent to interfere with ERISA rights." See Dytrt v. Mountain State Tel. & Tel. Co., 921 F.2d 889, 896 (9th Cir.1990). No action lies, however, where the alleged loss of rights is merely a consequence of the termination, as opposed to the motivating factor. See id. Illegal retaliation " 'occurs when (1) an employee participates in a statutorily protected activity, (2) an adverse employment action is taken against him or her, and (3) a causal connection existed between the two.' " See Kimbro, 889 F.2d at 881 (citation omitted). "[T]he timing of a discharge may in certain situations create the inference of reprisal." Id.
 
 
 13
 Here, Innes presented no evidence that defendants took adverse action against him because he exercised his right to health care coverage under his benefit plan. See Kimbro, 889 F.2d at 880; see also Nelson v. Pima Community College, 83 F.3d 1075, 1081-82 (9th Cir.1996) ("mere allegation and speculation" do not create factual dispute for summary judgment purposes; plaintiff's claim "that she did one thing, and subsequently the other thing happened to her" was insufficient to permit inference of retaliatory discharge). Nor has Innes presented evidence of defendants' specific intent to interfere with his ERISA rights. See Dytrt, 921 F.2d at 896. In fact, following his termination, Innes accepted defendants' offer to continue his health benefits, until he eventually secured comparable benefits at a lower cost. The fact that Innes was demoted to a sales position on the same day he informed one of defendants that his cancer treatment would be covered under his employer-provided health insurance does not create an inference of reprisal. See Kimbro, 889 F.2d at 881. Defendants presented evidence that they first demoted Innes in an effort to increase the company's income, and later terminated his employment under pressure from the company's bank to reduce costs. Thus, the record contains insufficient evidence from which a jury could infer defendants terminated Innes in retaliation for exercising his rights under the health plan, or to interfere with his right to receive health benefits. See Dytrt, 921 F.2d at 896; Kimbro, 889 F.2d at 880-81. Accordingly, the district court correctly granted defendants summary judgment on Innes's ERISA claims.
 
 
 14
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Innes's remaining claims were dismissed pursuant to the parties' agreement
 
 
 [2]
 In his original complaint, Innes alleged claims of breach of contract, wrongful termination, fraud, intentional infliction of emotional distress, wrongful withholding of wages, breach of severance agreement, and violations of the Consumer Protection Act. Innes sought to add claims under the ADA and the Washington Civil Rights Act
 
 
 [3]
 We decline to address Innes's conclusory contention that defendants regarded him as disabled, because he has not developed this argument in his brief. See Fed. R.App. P. 28(a)(6); Maryland Cas. Co. v. Knight, 96 F.3d 1284, 1291 (9th Cir.1996) (deeming issue raised in brief abandoned where appellant failed to present substantive argument in support)