122 F.3d 1070
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joan DANIELSON, Plaintiff-Appellant,
v.
CHEVRON CORPORATION; Lee Still; Madsen Personnel Services;
City and County of San Francisco; San Francisco Civil
Service Commission; Ray Wong, and Does One through Thirty,
inclusive, Defendants-Appellees.
 No. 95-16875.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997**
Filed Sept. 5, 1997.
 
 Appeal from the United States District Court for the Northern District of California Marilyn H. Patel, District Judge, Presiding
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Joan Danielson appeals pro se the district court's summary judgment: in favor of (1) Chevron Corporation; Lee Still, an employee of Chevron's human resources department; and Madsen Personnel Services ("Chevron defendants"), in connection with the termination of her temporary assignment at Chevron as a legal secretary; and (2) City and County of San Francisco Civil Service Commission ("City"); Ray Wong, a City employee; and various doe defendants ("City defendants"), in connection with the City's denying her employment as a legal secretary. We have jurisdiction pursuant to 28 U.S.C. § 1291, review de novo, see Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996), and affirm the district court's judgment.
 
 
 3
 * The Chevron Defendants
 
 A. Age Discrimination
 
 4
 Danielson contends that the Chevron defendants discriminated against her on the basis of her age when they terminated her temporary assignment at Chevron as a legal secretary. The Chevron defendants provided evidence that they terminated Danielson because her performance was unsatisfactory. Although Danielson contests this evidence, her failure to produce specific and substantial evidence that the defendant's explanation is pretextual requires affirmance of summary judgment on her claim. See Bradley v. Harcourt, Brace & Co., 104 F.3d 267, 270 (9th Cir.1996) ("[A]n employee's subjective personal judgments of her competence alone do not raise a genuine issue of material fact.").
 
 B. Breach of Contract
 
 5
 Because Danielson failed to present evidence rebutting the presumption of at-will employment, her claim for breach of an express contract fails. See Foley v. Interactive Data Corp., 765 P.2d 373, 385 (Cal.1988). Likewise, Danielson failed to present any evidence in support of her claim for breach of an implied contract. See id. at 680.
 
 C. Fraud
 
 6
 We agree with the district court that Danielson failed to present any evidence in support of her fraud claim. See Cal. Civ.Code §§ 1709, 1710 (West 1985); Conrad v. Bank of America, 53 Cal.Rptr.2d 336, 351-52 (Cal.Ct.App.1996).
 
 D. Retaliation
 
 7
 Danielson's evidence of retaliation is insufficient to preclude summary judgment because she failed to show a causal link betweer her filing of this lawsuit and Madsen's failure to reassign her to other positions or the Chevron defendants' alleged attempt to blacklist her with other employers. See Ruggles v. Polytechnic State Univ., 797 F.2d 782, 785 (9th Cir.1986); Cohen v. Fred Meyer, Inc., 686 F.2d 793, 796 (9th Cir.1982) ("To show the requisite causal link, the plaintiff must present evidence sufficient to raise the inference that [her] protected activity was the likely reason for the adverse action."). To the extent Danielson claims that the Chevron defendants ended her assignment at Chevron in retaliation for her wrongful discharge suit against her former employer, her claim is wholly unsupported by evidence. See Cohen, 686 F.2d at 796.
 
 
 8
 In addition, Danielson contends that because the Chevron defendants did not refer to her retaliation claim in their motion for summary judgment, the district court erred in effectively sua sponte granting summary judgment for the Chevron defendants on the retaliation claim. In her opposition to the summary judgment motion, Danielson pointed out that the Chevron defendants failed to address her retaliation claim and argued that she presented sufficient evidence of retaliation to raise a genuine issue for trial. Because Danielson had adequate opportunity and time to develop the facts necessary to oppose summary judgment of her retaliation claim, and there is no material dispute of fact, the court did not err by sua sponte granting summary judgment. See Fuller v. City of Oakland, 47 F.3d 1522, 1533 (9th Cir.1995) (stating that sua sponte summary judgment is appropriate where (1) there is no material dispute of fact, and (2) the losing party has an adequate opportunity and time to address the issues involved).
 
 II
 The City Defendants
 A. Fraud
 
 9
 We agree with the district court that Danielson failed to present evidence of Wong's alleged actual fraud, corruption, or actual malice in support of her fraud claim. See Cal. Gov't Code § 822.2 (West 1995); Schonfeld v. City of Vallejo, 123 Cal.Rptr. 669, 675 (Cal.Ct.App.1975). Danielson's contention that the City defendants waived the defense that Wong's alleged intentional violation of the Civil Service Commission Rules ("Rules") fails to state a claim because they did not raise the defense in their motion on the pleadings lacks merit. See Fed.R.Civ.P. 12(h)(2).
 
 B. 42 U.S.C. § 1983
 
 10
 We agree with the district court that Danielson failed to show that the City defendants deprived her of a liberty or property interest by denying her employment with the city. See Bishop v. Wood, 426 U.S. 341, 348 (1976); Board of Regents v. Roth, 408 U.S. 564, 577 (1972). We also agree with the district court that Danielson does not have a constitutionally-protected, state-created liberty interest in the City defendants following the Rules See Dix v. County of Shasta, 963 F.2d 1296, 1299 (9th Cir.1992) (requiring substantive predicates and mandatory outcomes for a state-created liberty interest). Danielson's equal protection claim fails because she did not show any evidence of the City defendants' intent to discriminate against her. See Sischo-Nownejad v. Merced Community College Dist., 934 F.2d 1104, 1112 (9th Cir.1991). Danielson's contention that the defendants did not challenge her equal protection claim in their summary judgment motion is not supported by the record.
 
 
 11
 Moreover, Danielson's claims against the City fail because she did not submit any evidence of a constitutional violation, let alone a custom or policy of such violations. See Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 691 (1978).
 
 C. Violation of California Constitution
 
 12
 We agree with the district court that Danielson cannot bring a claim under Article I, Section 7, of the California Constitution for violation of her due process and equal protection rights because this constitutional provision is not self-executing. See Gates v. Superior Court, 38 Cal.Rptr.2d 489, 518-19 (Cal.Ct.App.1995) (concluding that section 7 does not allow for a suit for damages). Assuming arguendo that Danielson can bring a cause of action directly under section 8, we hold that she failed to show that she was disqualified for employment by the City defendants on any basis protected by section 8. See Cal. Const. art. I, § 8.
 
 D. Retaliation
 
 13
 Danielson's contention that the City defendants denied her employment in retaliation for a former discrimination suit is unsupported by any evidence of a causal link. See Cohen, 686 F.2d at 796. To the extent Danielson contends that the district court erred by effectively sua sponte granting summary judgment on her retaliation claim, her contention lacks merit because Danielson actually addressed the retaliation claim in her opposition to the City's summary judgment and argued that she had presented enough evidence for a factfinder to find retaliation. See Fuller, 47
 
 III
 Issues Common to Both Sets of Defendants
 A. Violation of Public Policy
 
 14
 Because Danielson failed to show any evidence in support of her claim that her termination at Chevron or failure to gain employment with the City was based on age discrimination or violated any other public policy, summary judgment on these claims was proper. See Gantt v. Sentry Ins., 824 P.2d 680, 684 (Cal.1992) (in bank) (noting that policy in question must involve society at large rather than purely personal interest); Foley, 765 P.2d at 379-80.
 
 B. Discovery
 
 15
 Danielson contends that she was unable to obtain discovery on several issues which would have precluded summary judgment for both the Chevron defendants and the City defendants. Danielson claims that she notified the district court of her need for further discovery in the proposed pretrial preparation order. Pursuant to Fed.R.Civ.P. 56(f) Danielson was required to set forth Ln an affidavit the particular facts sought which would preclude summary judgment. See Brae Transp., Inc. v. Coopers & Lybrand, 790 F.2d 1439, 1443 (9th Cir.1986) ("References in memoranda and declarations to a need for discovery do not qualify as motions under Rule 56(f)."). Because Danielson did not comply with the requirements of Fed. R. Civ P. 56(f), the district court did not abuse its discretion by granting summary judgment for both sets of defendants.
 
 
 16
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3