**Leonard AIELLO, Plaintiff–Appellant,**

v.

**John ASHCROFT, Defendant–Appellee.**

No. 00–16138.

D.C. No. CV–97–3686–TEH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 9, 2001.

Decided Dec. 18, 2001.

Before NOONAN, HAWKINS, and
TASHIMA, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Appellant's request for oral argument is denied.

## MEMORANDUM [*]

Plaintiff–Appellant Leonard Aiello ("Aiello"), an Italian American employed by the United States Immigration and Naturalization Service, filed a complaint alleging that he had been discriminated against under Title VII of the Civil Rights Act of 1964 in connection with his numerous promotion and transfer attempts. After trial, Aiello was awarded compensatory damages by the jury, which found that his supervisors had given him artificially low Officer Corps Rating System ("OCORS") evaluations in retaliation for his having filed complaints with the Equal Employment Opportunity Commission ("EEOC"). The court thereafter, however, granted defendant's motion for judgment as a matter of law (the "JMOL Order"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate and remand.

In order to make out a *prima facie* case of retaliation under Title VII, a plaintiff must show that: (1) he engaged in protected activity; (2) his employer subjected him to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse action. *Steiner v. Showboat Operating Co.*, 25 F.3d 1459, 1464 (9th Cir.1994). Once a *prima facie* case has been made, the burden of production shifts to the defendant, who must offer legitimate reasons for the adverse employment action. *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir.2000). The plaintiff can rebut any showing by the defendant by producing "specific, substantial evidence of pretext." *Bradley v. Harcourt Brace & Co.*, 104 F.3d 267, 270 (9th Cir.1996).

In the JMOL Order, the district court held that there was no basis for the jury's finding that Aiello had suffered an adverse

employment action as a result of his lowered OCORS rating. It reasoned that "'adverse employment action' should be interpreted narrowly as requiring some tangible impact upon ... 'the terms, privileges, conditions or duration of [Aiello's] job.'" Applying this standard, the district court stated:

> Having scoured the record, this Court has found but one piece of evidence submitted to the jury which would tend to show that the lowered 1998 OCORS rating directly affected any of the terms, privileges, or conditions of plaintiff's employment. The jury heard testimony that the lowered OCORS rating was issued in April of 1998 and that in September of 1998, the plaintiff was transferred to the same job he first held upon entering the INS, at the County Jails. (Trial Tr. at 28). However, there is no evidence or testimony on the record to show that this change in assignments was "adverse" to Aiello, as defined above.

In *Ray v. Henderson*, 217 F.3d 1234 (9th Cir.2000), which was not decided until after the district court's JMOL Order, we adopted the EEOC's test for the type of actions that can be considered to be adverse employment actions, as "any adverse treatment that is based on a retaliatory motive and is reasonably likely to deter the charging party or others from engaging in protected activity." *Id.* at 1242–43 (quoting EEOC Compliance Manual Section 8, "Retaliation," ¶ 8008 (1998)). In so doing, we emphasized that "[i]nstead of focusing on the ultimate effects of each employment action, the EEOC test focuses on the deterrent effects." *Id.* at 1243.

Because the district court did not have the benefit of *Ray* when it made its decision, we vacate the JMOL Order and re-

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

mand this case for reconsideration of the adverse employment action issue. Each party shall bear his own costs on appeal.

**VACATED and REMANDED.**