Monica BERMENDER, Plaintiff–
Appellant,

v.

SENECA HOSPITAL DISTRICT; Sene-
ca District Hospital; Camille Cover-
dell; Doreen Turner; Bernard G.
Hietpas, Defendants–Appellees.

No. 00–15653.

D.C. No. CV–98–01497–GEB (JFM).

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 16, 2001.*

Decided Jan. 8, 2002.

Before GOODWIN, HUG and
THOMAS, Circuit Judges.

MEMORANDUM **

Monica Bermender appeals the district court's order granting summary judgment in the Defendants' favor on her claim that they terminated her employment wrongfully in retaliation for her exercise of First Amendment rights. We affirm. Because the parties are familiar with the factual and procedural history of this case, we do not recount it here.

To prevail on her retaliation claim, Bermender must show (1) that her speech at issue is constitutionally protected, and (2) that it was a substantial or motivating factor in her termination. *See Bd. of County Comm'rs v. Umbehr*, 518 U.S. 668, 675, 116 S.Ct. 2342, 135 L.Ed.2d 843 (1996). We have held that a plaintiff creates a genuine issue of material fact regarding an employer's retaliatory motive when the plaintiff produces (1) circumstantial evidence that the employer knew of the protected speech, and (2) circumstantial evidence of at least one of the following: (a) proximity in time between the protected speech and the adverse employment decision such that a jury logically could infer retaliation, (b) the employer's expressed opposition to the speech, or (c)

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

false or pretextual reasons by the employer for the adverse employment action. *Keyser v. Sacramento City Unified Sch. Dist.*, 265 F.3d 741, 751–52 (9th Cir.2001).

Assuming without deciding that Bermender's speech at issue is constitutionally protected, Bermender fails to present sufficient evidence from which a reasonable juror could find that the individual defendants harbored a retaliatory motive. The evidence in the record does not reasonably support an inference that defendants Camille Coverdell and Doreen Turner were aware of Bermender's speech when they decided to suspend her from her employment. *See Keyser*, 265 F.3d at 751. Bermender's evidence creates only speculation as to their knowledge. Such evidence is insufficient to withstand a motion for summary judgment. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts"); *Nat'l Indus., Inc. v. Republic Nat'l Life Ins. Co.*, 677 F.2d 1258, 1267 (9th Cir.1982) (on a motion for summary judgment, "the trier of fact is not permitted to resort to speculation and surmise").

The evidence that Bermender proffers of defendant Bernard Hietpas' retaliatory motive is likewise inadequate. Hietpas admits that he learned of her speech on August 6, 1997, the day before he conducted her termination hearing. Bermender's declaration indicates that Hietpas may have had knowledge of her speech even earlier, almost a month before she was suspended with intent to terminate. This evidence by itself, however, is not enough for a jury logically to infer Hietpas' retaliatory motive. *See Keyser*, 265 F.3d at 751–52. Although Bermender's speech and her termination were close in time, *see Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 731–32 (9th Cir.1986) (a time frame of less than two months between the protected activity and the adverse employment decision was probative of an employer's retaliatory motive), Bermender's long history of performance problems makes it unreasonable to infer Hietpas' retaliation from the proximity in time between her speech and her termination. *See Keyser*, 265 F.3d at 751. Bermender also contends that the reasons Hietpas gave for her termination were false and pretextual. *See id.* at 752. However, she presents no evidence to support this claim other than her own declaration. To create a factual issue on summary judgment, evidence of an employer's false or pretextual reasons for termination must be "specific" and "substantial." *Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 270 (9th Cir.1996).

The district court therefore properly granted summary judgment in the Defendants' favor because Bermender's evidence does not raise a genuine issue of material fact as to the individual defendants' retaliatory motive. As summary judgment was properly entered for the individual defendants, it necessarily was properly entered for the institutional defendants.

**AFFIRMED.**