[No. 23362-2-II. Division Two. August 30, 2002.]

RAY JOHNSON, ET AL., *Appellants*, v. EXPRESS RENT & OWN, INC., ET AL., *Respondents*.

*Dan'l W. Bridges* (of *Sloan Bobrick & Oldfield, Inc., P.S.*), for appellants.

*Edward S. Winskill* (of *Davies Pearson, P.C.*), for respondents.

ARMSTRONG, J. — Ray Johnson sued his employer, Express Rent & Own, Inc., for firing him because of his age in violation of Washington's employment discrimination law, RCW 49.60.180. The trial judge dismissed Johnson's claim on summary judgment because Johnson had presented no evidence of discrimination. We affirmed on the basis of *Hill v. BCTI Income Fund-I*, 97 Wn. App. 657, 986 P.2d 137 (1999), *aff'd in part and vacated in part by* 144 Wn.2d 172 (2001). *Johnson v. Express Rent & Own, Inc.*, noted at 98 Wn. App. 1066 (2000), *review granted in part and remanded by* 144 Wn.2d 1015 (2001). There we held that a person claiming employment discrimination must support the claim with evidence of a discriminatory motive to avoid judgment as a matter of law for the employer. *Hill*, 97 Wn. App. 657. The Washington Supreme Court then affirmed the result in *Hill* but vacated our opinion, holding that generally pretext evidence is sufficient to allow an employee to submit this issue to a jury. *Hill v. BCTI Income Fund-I*, 144 Wn. 2d 172, 23 P.3d 440 (2001). On remand, the Supreme

Court asks us to reconsider our decision in Johnson's case in light of *Hill*.

 In vacating our opinion, the Supreme Court relied upon the United States Supreme Court's recent decision in *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000). There, the Court clarified the last stage of the *McDonnell Douglas*[1] burden-shifting scheme[2] and held that generally an employee who produces evidence of pretext is entitled to a jury decision as to whether the employer discriminated. *Reeves*, 530 U.S. at 143. But even an employee who produces pretext evidence could lose as a matter of law if his or her evidence is "weak." *Reeves*, 530 U.S. at 148; *Hill*, 144 Wn.2d at 184, 188-89. To decide whether an employee's case is weak, we look at the " 'strength of the plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employer's case and that properly may be considered on a motion for judgment as a matter of law.' " *Hill*, 144 Wn.2d at 186 (quoting *Reeves*, 530 U.S. at 148-49).

Our Supreme Court affirmed *Hill* because Hill was more than 40 years old[3] when she was hired and the same people who hired her fired her. *Hill*, 144 Wn.2d at 189-90. The court adopted the reasoning of *Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267 (9th Cir. 1996), that " 'where the same actor is responsible for both the hiring and the firing of a

---

[1] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973).

[2] First, the plaintiff must establish a prima facie case of discrimination. If he succeeds, the burden shifts to the defendant to " 'produce [some] evidence that the plaintiff was rejected, or someone else was preferred, for a legitimate, nondiscriminatory reason.' " *Reeves*, 530 U.S. at 142 (quoting *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981)). The defendant's burden here is a burden of production. If the defendant meets the burden, the shifting burdens and presumptions disappear. The plaintiff retains the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against him, so he must then show, by a preponderance of the evidence, that the defendant's offered reasons were a pretext for discrimination. *Reeves*, 530 U.S. at 143.

[3] The statute forbids age discrimination against people 40 years old or older. RCW 49.60.205; RCW 49.44.090.

discrimination plaintiff, and both actions occur within a short period of time, a strong inference arises that there was no discriminatory motive.'" *Hill*, 144 Wn.2d at 189 (quoting *Bradley*, 104 F.3d at 270-71 (citing *Lowe v. J.B. Hunt Transp., Inc.*, 963 F.3d 173 (8th Cir. 1992))). To counter this "strong inference," the employee must answer, "[W]hy would the employer have hired such a person in the first place?" *Hill*, 144 Wn.2d at 189-90. To answer this question in *Hill*, the court noted that one of the persons firing Hill was over 40, no one at BCTI had made negative comments about age or discriminated against older workers, and Hill's age had not been "problematic." *Hill*, 144 Wn.2d at 190. In short, the court found that although Hill produced evidence of pretext, her case was weak because she had no evidence of discrimination. She could not, therefore, rebut the strong inference that her employer had no discriminatory motive because the same people fired her who had hired her.

Express argues that Johnson's case has the same problem. He was over 40 when hired and the same people who hired him later fired him. Express also emphasizes Johnson's lack of discrimination evidence by noting that another store manager is not only over 40, but an "African American and a Muslim." Resp. remand Br. at 3. Johnson counters that the same hiring-firing-actor inference is not persuasive here because he was hired specifically to fix Express's credit problems, an area within his expertise; and once he "righted the ship, he was fired[.]" Appellant's Br. on remand at 23. For help in weighing the persuasive force of the parties' evidence, we turn again to *Hill*.

In evaluating the strength of the employee's case, the *Hill* court examined the nature of Hill's pretext evidence. *Hill*, 144 Wn.2d at 190 n.14. Hill's supervisors testified that they fired her because she violated company policy by disclosing her salary and benefits to another office to which she wanted to transfer and then lied to them about doing so. *Hill*, 144 Wn.2d at 177-78. Hill denied disclosing the information, but she did not prove that her supervisors

were unreasonable in believing that she had. Thus, her evidence fell short of raising any "suspicion of mendacity" on the part of her supervisors. *Hill*, 144 Wn.2d at 190 n.14. The court explained that an employment relationship for an indefinite time is terminable at will and "courts must not be used as a forum for appealing *lawful* employment decisions simply because employees disagree with them." *Hill*, 144 Wn.2d at 190 n.14. Because of this, Hill's pretext evidence was of "minimal" value in showing discrimination. *Hill*, 144 Wn.2d at 190.[4]

Johnson's evidence comes closer to suggesting mendacity, or at least a jury could so find. Johnson presented evidence that two of his supervisors said they did not think he deserved to be fired and that he was doing a good job; although his employer said his use of profanity was a reason, two supervisors said he used no more profanity than other employees; on the charge he improperly moved the payment due dates on a computer, his supervisors admitted authorizing this three or four times; on the charge he told customers he owned the store, one supervisor who overheard Johnson make hundreds of calls never heard the statement; and on the charge he was dishonest about a lost T.V., one supervisor said that was not a reason Johnson was fired. Johnson also offered evidence that his supervisors were inconsistent in stating the reasons he was fired and whether the firing decision was made by all of them or just one. Finally, Johnson testified that his supervisor told him he did not fit the image for the company. He explained that with one exception, all of "Express' public contact employees are young, all are well under the age of 40, and all very much fit a youthful, fit, 'GQ' looking mold." Clerk's Papers at 83.

---

[4] The court apparently assumed that an employer's good faith but mistaken belief as to the factual basis for terminating an employee can amount to a pretext. But pretext is "a purpose or motive alleged or an appearance assumed in order to cloak the real intention or state of affairs." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1797 (1969). If an employer fires an employee in a good faith but mistaken belief as to the factual basis, there is no pretext.

Following *Hill*, we conclude that Johnson has produced sufficient evidence of conscious wrongdoing by Express and that a jury could find a discriminatory motive behind his termination. We reverse the summary judgment in favor of Express and the Mitchells and remand to the trial court.

In our previous opinion, we affirmed the trial court's dismissal of plaintiff's claim for outrage. Nothing in this opinion changes that decision; the Supreme Court accepted review of the age discrimination claim only and remanded for us to reconsider that claim.

MORGAN and HOUGHTON, JJ., concur.