Jimmy **EFFIWATT**, Plaintiff—
Appellant,

v.

**SOUTHERN ARIZONA VETERANS AFFAIRS HEALTH CARE SYSTEM;** et al., Defendants—Appellees.

No. 02–15246.

D.C. No. CV–01–00040–ACM.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 10, 2002.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

MEMORANDUM**

Jimmy Effiwatt appeals pro se the district court's summary judgment for defendants in his employment discrimination action. We have jurisdiction under 28 U.S.C. § 1291, and, after de novo review, *Bradley v. Harcourt, Brace & Co.,* 104 F.3d 267, 269 (9th Cir.1996), we affirm.

Effiwatt alleged that he was terminated from the temporary internship program at the Southwestern Blind Rehabilitation Center of the Veteran's Administration Medical Center ("VA") because of his race, color, and national origin, and in retaliation for filing a complaint with the Equal Employment Opportunity Commission against a former employer. The district court properly granted summary judgment on the discrimination and retaliation claims because Effiwatt failed to rebut the VA's evidence that he was terminated for failing to complete the necessary course work prior to commencing the internship. *See Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1065 n. 10 (9th Cir.2002); *Bradley,* 104 F.3d at 270.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The district court properly granted summary judgment to the defendants on Effiwatt's claims of a hostile work environment and denial of future employment because he failed to present sufficient evidence to support either claim. *See* Fed. R.Civ.P. 56; *Gregory v. Widnall,* 153 F.3d 1071, 1074–75 (9th Cir.1998) (per curiam).

Contrary to his contention on appeal, Effiwatt had adequate notice that the court may consider matters outside the pleadings in ruling on "Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment." *Cf. Grove v. Mead Sch. Dist. No. 354,* 753 F.2d 1528, 1532–33 (9th Cir.1985). The district court did not abuse its discretion in denying Effiwatt's motion for further discovery under Fed.R.Civ.P. 56(f) because he failed to demonstrate that "additional discovery would uncover specific facts which would preclude summary judgment." *Maljack Prods., Inc. v. Good-Times Home Video Corp.,* 81 F.3d 881, 888 (9th Cir.1996).

Effiwatt's contention that the district judge was biased against him is not supported by evidence in the record. *See* 28 U.S.C. § 455(a); *Pau v. Yosemite Park & Curry Co.,* 928 F.2d 880, 885–86 (9th Cir. 1991).

We grant the motion to strike the attachments to Effiwatt's reply brief because they are not part of the record on appeal. *See* Fed. R.App. P. 10, 30.

Effiwatt's remaining contentions are not persuasive.

**AFFIRMED.**