**Steven L. THOMAS, Plaintiff— Appellant,**

v.

**LOS RIOS COMMUNITY COLLEGE DISTRICT; et al., Defendants— Appellees.**

No. 02–15491.

D.C. No. CV–00–00485–GEB.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 10, 2003.*

Decided Feb. 13, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we deny Thomas's request for oral argument.

Before LEAVY, FERNANDEZ, and BERZON, Circuit Judges.

## MEMORANDUM**

Steven L. Thomas appeals pro se the district court's summary judgment dismissing his action alleging, among other things, racial discrimination, retaliation, slander, and violation of the First Amendment by the Los Rios Community College District and its employees when he was suspended for one year from the Licensed Vocational Nursing ("LVN") program at

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Sacramento City College ("SCC"). We have jurisdiction under 28 U.S.C. § 1291. After de novo review, *Conkle v. Jeong,* 73 F.3d 909, 917 (9th Cir.1995), we affirm.

■ The district court properly granted summary judgment on Thomas's claims that the defendants violated Title VI of the Civil Rights Act of 1964 by suspending him from the LVN program because of his race and in retaliation for engaging in prior litigation and complaining about SCC staff members. Thomas failed to rebut the defendants' evidence that he was suspended for, among other things, rude and disruptive behavior and failing to comply with SCC's Vocational Nursing Student Handbook. *See Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1065 & n. 10 (9th Cir.2002); *Bradley v. Harcourt, Brace & Co.,* 104 F.3d 267, 270 (9th Cir.1996); *see also Larry P. by Lucille P. v. Riles,* 793 F.2d 969, 982 n. 9 (9th Cir.1984) (shifting burden analysis used in Title VII disparate impact claim applies to Title VI cases). Thomas's First Amendment retaliation claim fails for the same reason. *See Keyser v. Sacramento City Unified Sch. Dist.,* 265 F.3d 741, 753 n. 5 (9th Cir.2001) ("Mere opinions and beliefs that [defendant's] actions were retaliatory, based on no specific or substantial evidence, are not enough to create a genuine issue of material fact on the issue of pretext.").

■ The district court properly granted summary judgment on Thomas's slander claim because under California law, "[t]ruth is a complete defense to slander, 'regardless of the bad faith or malicious purpose of the publisher of the material.'" *Conkle,* 73 F.3d at 917 (citation omitted); *see also Campanelli v. Regents of the Univ. of California,* 44 Cal.App.4th 572, 582, 51 Cal.Rptr.2d 891, 897 (Cal.Ct.App. 1996) (holding that statement need not be

literally true "so long as the imputation is substantially true so as to justify the 'gist or sting' of the remark").

Because we affirm the district court's summary judgment on the merits, we do not consider the district court's alternative ruling dismissing Thomas's action under Fed.R.Civ.P. 41(b). We also decline to consider Thomas's contention that he was denied procedural due process because he failed to raise that issue in the district court. *See Sofamor Danek Group, Inc. v. Brown*, 124 F.3d 1179, 1186 n. 4 (9th Cir. 1997). Finally, we do not consider the district court's dismissal of Thomas's breach of contract claim because he does not challenge that ruling on appeal. *See Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir.1986).

We deny Appellees' motion to dismiss for failure to prosecute.

**AFFIRMED.**