Kevin P. DONNELLAN; Anne Marie Donnellan, Plaintiffs— Appellants,

v.

GNLV CORPORATION,* Defendant— Appellee.

No. 03–17145.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 15, 2005.

Decided July 13, 2005.

---

* We originally listed Appellee's name in our caption as "Golden Nugget Hotel & Casino." The district court's order granting summary judgment to Appellee listed Appellee's name as "GNLV Corporation" in the caption, which, in their answering brief, Appellee confirms is their proper corporate name. We use "GNLV Corporation" to refer to Appellee for this disposition.

Richard Segerblom, Esq., Las Vegas, NV, for Plaintiff–Appellant.

Scott M. Abbott, Esq., Bryan J. Cohen, Esq., Kamer Zucker & Abbott, Las Vegas, NV, for Defendant–Appellee.

Before: TALLMAN, BYBEE, and BEA, Circuit Judges.

## MEMORANDUM [**]

Plaintiffs Kevin P. Donnellan and Anne Marie Donnellan[1] appeal the district court's grant of summary judgment for defendant GNLV Corporation ("GNLV"). Donnellan brought an action under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(a), alleging GNLV rejected Donnellan's employment application because of his disability. We have juris-

diction under 28 U.S.C. § 1291, and we affirm.

The parties are familiar with the facts and we do not recount them here except as necessary for our disposition. We assume for purposes of our disposition that Donnellan established a *prima facie* claim of disparate treatment under the ADA.[2] *See Bradley v. Harcourt, Brace & Co.,* 104 F.3d 267, 271 (9th Cir.1996). GNLV proffered three legitimate, non-discriminatory reasons for rejecting Donnellan's application: (1) Donnellan's application exhibited inadequate job stability because he had been unemployed for the three years preceding his application; (2) Donnellan received a "2" rating for both appearance and presentation; and (3) his application reflected a lack of computer skills. *See Raytheon Co. v. Hernandez,* 540 U.S. 44, 50, 124 S.Ct. 513, 157 L.Ed.2d 357 (2003); *Chuang v. Univ. of Cal., Davis,* 225 F.3d 1115, 1123–24 (9th Cir.2000).

Donnellan failed to present evidence which would allow a reasonable trier of fact to conclude those legitimate, non-discriminatory reasons were pretextual. *See Raytheon,* 540 U.S. at 50, 124 S.Ct. 513. Donnellan presented no evidence to suggest GNLV deviated from its normal operating procedures in reviewing Donnellan's application, or that GNLV preferred the application of Susan Rosinski (who was ultimately hired) over Donnellan's applica-

---

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Kevin Donnellan died during the pendency of this appeal. Anne Marie Donnellan, Mr. Donnellan's sister and personal representative, brought a motion to substitute appellant, which we granted. *See* Fed. R.App. P. 43(a)(1). For ease of reference, we refer to Kevin Donnellan as "Donnellan" in this disposition.

2. The district court found Donnellan did not establish a *prima facie* case because the GNLV employee making the hiring decision

was unaware of Donnellan's disability. The district court alternatively found, however, that even if Donnellan did establish a *prima facie* case, GNLV proffered legitimate, nondiscriminatory reasons for rejecting Donnellan's application, and Donnellan did not present evidence which would allow a reasonable trier of fact to conclude those reasons were pretextual. We may affirm the district court's grant of summary judgment on any ground supported by the record. *Enlow v. Salem–Keizer Yellow Cab Co.,* 371 F.3d 645, 649 (9th Cir.2004).

tion because of Donnellan's disability. *See McKennon v. Nashville Banner Publ. Co.,* 513 U.S. 352, 361, 115 S.Ct. 879, 130 L.Ed.2d 852 (1995).

Further, GNLV's proffered reasons for rejecting Donnellan's application are not inconsistent solely because GNLV initially stated it rejected Donnellan's application because of "Job Stability," but later elaborated that Donnellan's application was rejected because of (1) job stability (*i.e.,* Donnellan was unemployed for the three years preceding his application); (2) Donnellan received a rating of "2" for appearance and presentation; and (3) Donnellan's application reflected a lack of computer skills. The two latter reasons are in addition to, not inconsistent with, the initial reason offered by GNLV and thus provide no evidence of pretext. *See Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1063 (9th Cir.2002).

AFFIRMED.