Connie T. TRAN, Plaintiff—Appellant,

v.

State of CALIFORNIA, Department of Transportation, Defendant—Appellee.

No. 06–56462.

United States Court of Appeals, Ninth Circuit.

Submitted May 20, 2008.*

Filed May 28, 2008.

Audrey Egan, Los Angeles, CA, for Defendant–Appellee.

Before: PREGERSON, LEAVY and TASHIMA, Circuit Judges.

MEMORANDUM **

Connie T. Tran appeals pro se from the district court's summary judgment and judgment as a matter of law in favor of the State of California, Department of Transportation ("Caltrans") in her Title VII action alleging sexual harassment and retaliation. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of summary judg-

ment and judgment as a matter of law. *Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 269 (9th Cir.1996); *Fisher v. City of San Jose*, 509 F.3d 952, 957 (9th Cir.2007). We affirm.

The district court did not err in granting summary judgment to Caltrans on Tran's claim that she was sexually harassed by her husband's supervisor. Caltrans demonstrated legitimate nondiscriminatory reasons for its adverse employment actions, and Tran failed to create a triable issue as to whether Caltrans' nondiscriminatory reasons were pretextual. *See Bradley*, 104 F.3d at 270; *see also Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir.2001) ("[A] district court is not required to comb the record to find some reason to deny a motion for summary judgment.") (internal quotations and citation omitted).

The district court did not err in granting summary judgment to Caltrans on Tran's retaliation claim. Caltrans produced legitimate, nonretaliatory reasons for its adverse employment actions, and Tran failed to raise a triable issue that Caltrans' nondiscriminatory reasons were a pretext for retaliation. *See Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1108 (9th Cir. 2008); *see also Carmen*, 237 F.3d at 1029.

The district court did not err in granting judgment as a matter of law to Caltrans on Tran's claim that she was sexually harassed by her supervisor. The record supports the district court's conclusion that, based on the evidence presented at trial, Tran failed to establish discrimination severe enough to create a hostile or abusive work environment. *See Nichols v. Azteca Restaurant Enters., Inc.*, 256 F.3d 864, 871–72 (9th Cir.2001) (holding that, to prevail on a hostile environment claim, a

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

plaintiff must prove that a reasonable person would find the workplace to be hostile or abusive).

Tran also contends that the district court abused its discretion by approving Caltrans' application to tax costs. We disagree. Caltrans was entitled to costs as the prevailing party and filed a timely application. *See* Fed.R.Civ.P. 54(d)(1); C.D. Cal. R. 54–3.

**AFFIRMED.**