**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 24 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GREGORIO TEJEDA,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>CONAGRA FOODS, INC.,<br><br>Defendant - Appellee. | No. 08-16599<br><br>D.C. No. 06-CV-0644-AWI-DLB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Argued and Submitted October 5, 2009
San Francisco, California

Before: HUG and PAEZ, Circuit Judges, and WU,[**] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable George H. Wu, United States District Judge for the Central District of California, sitting by designation.

Plaintiff/appellant Gregorio Tejeda ("Tejeda") appeals from the District Court's grant of summary judgment in favor of defendant/appellee ConAgra Foods, Inc. ("ConAgra").

To the extent Tejeda intended or desires to litigate an interactive process claim under California Government Code section 12940(n), that claim is waived because Tejeda did not raise such a claim in the Complaint or a timely response to ConAgra's summary judgment motion. *See Singleton v. Wulff*, 428 U.S. 106, 120 (1976); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1288 (9th Cir. 2000). Moreover, Tejeda has not appealed from, and thus has waived any argument with respect to, the District Court's ruling on his Rule 60(b) motion. *See James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 n.1 (9th Cir. 2008).

With respect to his disability discrimination claim pursuant to California Government Code section 12940(a), Tejeda bore the burden of demonstrating a *prima facie* case of discrimination in response to ConAgra's summary judgment motion. *See Guz v. Bechtel Nat'l, Inc.*, 24 Cal.4th 317, 353-54 (2000); *see also Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 269-70 (9th Cir. 1996). ConAgra presented evidence which demonstrated that there were no available positions which would reasonably accommodate Tejeda without running afoul of his permanent restrictions, satisfying its summary judgment burden. Tejeda failed to

oppose this evidence and therefore failed to make out a *prima facie* case of disability discrimination under California's Fair Employment and Housing Act ("FEHA").  We therefore affirm the district court's grant of summary judgment on this claim.  *See Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 989, 999 (9th Cir. 2007) (*en banc*).

However, we reverse the grant of summary judgment on Tejeda's reasonable accommodation claim pursuant to California Government Code section 12940(m). As to that claim, the burden to identify the "essential functions" of Tejeda's job rested with ConAgra.  *See Bates*, 511 F.3d at 991; *Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1113 (9th Cir. 2000), *vacated and remanded on other grounds sub nom.*, *U.S. Airways, Inc. v. Barnett*, 535 U.S. 391 (2002); *see also Ackerman v. Western Elec. Co.*, 860 F.2d 1514, 1518-19 (9th Cir. 1988).  The evidence presented by ConAgra was insufficient to meet its burden.

"Essential functions" is defined in FEHA to mean "the fundamental job duties of the employment position the individual with a disability holds or desires," but explicitly "does not include the marginal functions of the position."  Cal. Gov't. Code § 12926(f).  Section 12926(f) identifies a non-exclusive list of reasons that a function or duty may be deemed "essential": a) "[t]he function may be essential because the reason the position exists is to perform that function"; b)

"[t]he function may be essential because of the limited number of employees available among whom the performance of that job function can be distributed"; and/or c) "[t]he function may be highly specialized, so that the incumbent in the position is hired for his or her expertise or ability to perform the particular function." *See* Cal. Gov't. Code § 12926(f)(1). The evidence ConAgra relied upon in support of its summary judgment motion addressed none of these reasons and, as a result, failed to show that climbing ladders and/or stairs was "essential" to the Color Sorter position. Furthermore, ConAgra appears to have considered only the possibility of transfer to a different position as a reasonable accommodation and transfer is only one form of reasonable accommodation. *See* Cal. Gov't. Code § 12926(n); Cal. Code Regs. tit. 2, § 7293.9(a); *Humphrey v. Memorial Hosps. Ass'n*, 239 F.3d 1128, 1133 n.6, 1136 (9th Cir. 2001).

We therefore conclude that ConAgra was not entitled to judgment as a matter of law, and reverse and remand for further proceedings on Tejeda's reasonable accommodation claim.

AFFIRMED IN PART and REVERSED IN PART.

The parties shall bear their own costs on appeal.