FILED

JUL 12 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WAYMON HOBDY, Jr., | No. 09-55045 |
| Plaintiff - Appellant, | D.C. No. 2:06-cv-03319-GW-E |
| v. | |
| LOS ANGELES UNIFIED SCHOOL DISTRICT; ROY ROMER, General Superintendent of Schools; SUSAN SHANNON, Superintendent District 2 of the Los Angeles Unified School District; MARIA OCHOA, Director School Services of the Los Angeles Unified School District; KAREN O'RILEY, Principal of Maclay Middle School of the Los Angeles Unified School District; NAOMI SUENAKA, Coordinator Office of Staff Relations of the Los Angeles Unified School District; ALVARO CORTES, Director Local District 2 Los Angeles Unified School District, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted June 10, 2010
Pasadena, California

Before: D.W. NELSON and GOULD, Circuit Judges, and GWIN, District Judge.[**]

Waymon Hobdy, Jr., appeals the district court's partial summary judgment and its partial Rule 12(b)(6) dismissal in Hobdy's Title VII action against the Los Angeles Unified School District ("LAUSD") and several of its employees. Hobdy, a former assistant principal and current teacher for LAUSD, alleged race and gender discrimination, retaliation, a hostile work environment, and state-law intentional infliction of emotional distress ("IIED"). The IIED claims against all parties and the Title VII claims against the individual defendants were dismissed on the Rule 12(b)(6) motion. The district court dismissed the remaining claims on summary judgment. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We address first the summary judgment rulings. The district court did not err in granting summary judgment on Hobdy's Title VII discrimination claims. To survive summary judgment under Title VII, Hobdy had to adduce a triable issue of fact that LAUSD's justifications for demoting Hobdy were merely a pretext for

---

[**] The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

2

discrimination. *Stegall v. Citadel Broad. Co.*, 350 F.3d 1061, 1066 (9th Cir. 2003). Because Hobdy had not passed the district's Administrators' Examination, he was subject to demotion to his former position at the end of the semester if demotion was considered by the school district to be in its best interests. Here, LAUSD submitted extensive evidence that almost from the onset of his appointment, Hobdy's supervisor thought that Hobdy was not adequately performing his job duties. Principal O'Riley, who, like Hobdy, is an African-American, provided Hobdy with more than one hundred notes critical of his job performance and identified twenty-two areas of concern about Hobdy's ability to carry out his responsibilities, including, in her critical assertions, Hobdy's poor attendance, lack of administrative judgment, last-minute event planning, inability to anticipate problems in his administrative areas, and failure to take initiative to learn the position without assistance. *See Unt v. Aerospace Corp.*, 765 F.2d 1440, 1447 (9th Cir. 1985) (concluding that there was no Title VII violation when the discipline resulted from the plaintiff's "well documented performance deficiencies"). Hobdy's own subjective belief that he was performing satisfactorily does not create a genuine issue of material fact. *See Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 270 (9th Cir. 1996). And even if O'Riley was mistaken and wrong in her

3

critical appraisals of Hobdy, that is not sufficient to establish a federal Title VII discrimination claim.

Moreover, because Principal O'Riley was primarily responsible for both the hiring and the demoting of Hobdy, the defendants were entitled to the "same actor" inference, which creates a strong inference that there was no discriminatory motive. *See id.* at 270–71. Hobdy provided no direct evidence of race discrimination, which on the record did not seem likely because O'Riley was herself an African-American and had been instrumental in Hobdy's hiring in the first instance. Moreover, as for Hobdy's claims of gender discrimination, he relied on evidence that we do not consider substantially probative of gender discrimination, such as O'Riley's statement that Hobdy should refrain from engaging in a "pissing contest" and describing the probability of Hobdy remaining in the position as "lesser than the Immaculate Conception." In our view such phrases cannot reasonably be construed in context as demonstrating evidence of gender discrimination. LAUSD also hired a Latino male to replace Hobdy in the assistant principal position, further undermining Hobdy's gender-discrimination claim. Hobdy's reliance on the same evidence overall was also insufficient to create a genuine issue of material fact that the defendants' conduct was sufficiently

4

severe or pervasive to create a hostile work environment. *See Vasquez v. County of L.A.*, 349 F.3d 634, 643–44 (9th Cir. 2003).

Nor has Hobdy provided sufficient evidence to survive summary judgment on his retaliation claim. Hobdy's documented history of inadequate performance as challenged and asserted by Principal O'Riley, and the school district's policy permitting demotions of special appointees at the end of each semester provide adequate nonretaliatory reasons for Hobdy's demotion. *See Stegall*, 350 F.3d at 1065–66. There is no genuine issue of material fact regarding pretext as Hobdy's poor performance was documented before he engaged in protected activity, and Hobdy was informed before engaging in protected activity that he would receive a substandard evaluation absent an improvement in his performance. *See Manatt v. Bank of Am., N.A.*, 339 F.3d 792, 803–04 (9th Cir. 2003). Hobdy's comparator evidence was insufficient to raise a genuine issue of material fact regarding pretext for retaliation because there was no evidence indicating whether or not Margaret Farrell engaged in protected activity.

The district court also properly dismissed Hobdy's Title VII claims against the individual employee defendants. *See Craig v. M & O Agencies, Inc.*, 496 F.3d 1047, 1058 (9th Cir. 2007) ("We have long held that Title VII does not provide a separate cause of action against supervisors or co-workers.").

5

As to Hobdy's state-law IIED claims, which were dismissed on the Rule 12(b)(6) motion, the only issue on IIED raised by Hobdy's opening brief was: "4. Did the District Court commit error as a matter of law in granting Appellee Karen O'Riley's 12(b)(6) Motion as to Mr. Hobdy's sixth claim for Intentional Infliction of Emotional Distress, because the Eleventh Amendment was not a bar to such claim against this Appellee? Yes." We have consistently held that a party has an obligation to raise any dispositive issue in its opening brief, or else that issue need not be considered. *See, e.g., Kim v. Kang*, 154 F.3d 996, 1000 (9th Cir. 1998) (Ninth Circuit will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief); *Image Technical Serv., Inc. v. Eastman Kodak Co.*, 136 F.3d 1354, 1356 (9th Cir. 1998) (same). Accordingly, it is very clear that appellant's opening brief did not preserve any dispute about dismissal of the IIED claims against any defendant other than Principal O'Riley.

Further, even with regard to O'Riley, Hobdy challenges only one ground relied on by the district court to dismiss those claims—Eleventh Amendment immunity. That issue was mentioned by the court during the oral argument on the Rule 12(b)(6) motion to dismiss the IIED claims, but when the district court later signed an order dismissing the claims, it explicitly incorporated by reference all of

6

the grounds asserted in the motion, stating: "(1) The Motion to Dismiss by the individual defendants is granted. As to the individual defendants the Court dismisses all nine claims for relief set forth in Plaintiff's Complaint for the reasons set forth in the motion, pursuant to FRCP Rule 12(b)(6)." That motion had asserted not only the Eleventh Amendment ground challenged on appeal by Hobdy, but also that California employment law precluded the IIED claims and that the conduct alleged of the individual defendants did not satisfy the California law standard of "extreme and outrageous conduct" necessary for the tort of IIED. Because appellant Hobdy does not challenge the other two grounds the district court relied on to dismiss those claims, namely, failure to comply with California's Tort Claims Act and failure to allege sufficiently facts showing "extreme and outrageous conduct," Hobdy has therefore waived any challenge to the dismissal of his IIED claims. *See Rodriguez v. Hayes*, 591 F.3d 1105, 1118 n.6 (9th Cir. 2010) ("[T]he failure of a party in its opening brief to challenge an alternate ground for a district court's ruling given by the district court waives that challenge." (emphasis omitted)); *MacKay v. Pfeil*, 827 F.2d 540, 542 n.2 (9th Cir. 1987) (per curiam) (same).

Moreover, even if we were to assess that claim on its merits, we would hold that the challenged conduct of Principal O'Riley, namely her negative evaluations

of Assistant Principal Hobdy and her related conduct, are not so extreme and outrageous as to come within the California tort of IIED. Even though some employment discrimination cases will have fact patterns sufficient to qualify as extreme and outrageous conduct, every case of employment discrimination does not reach that point. This principle has been recognized by the California Court of Appeal. *See Janken v. GM Hughes Electronics*, 46 Cal. App. 4th 55, 79–80 (1996) (holding that "[t]he intentional infliction of emotional distress claim fails" where "[t]he factual allegations . . . plead claims of discrimination" but not more). Here, Hobdy's basic complaint about O'Riley is that she discriminated against him in various ways in her evaluations and related conduct. To the extent that Hobdy alleges more than mere discrimination, the additional alleged conduct, such as giving him a negative review in presence of others and commencing negative evaluations shortly after he started on this job, is not sufficient for the IIED tort under traditional common law standards applicable in California.

**AFFIRMED.**

8

*Hobdy v. Los Angeles Unified School District*, 09-55045

GOULD, J., concurring in part and dissenting in part:

I concur in the court's affirmance of the Federal Rule of Civil Procedure 12(b)(6) dismissal of the California state law claims for intentional infliction of emotional distress. However, although it is a close case on the question whether the Title VII discrimination claims should have been resolved by summary judgment, I respectfully dissent from the court's affirmance of that decision by the district court. I conclude that there is a genuine issue of material fact on the issue of pretext if we consider the totality of circumstances, accept all of Mr. Hobdy's factual assertions as true, and give him all reasonable inferences from them in support of his claims.

Most significant for me are the immediacy and frequency thereafter of Principal O'Riley's criticisms of Hobdy in his new role as an assistant principal, that O'Riley on at least one occasion gave Hobdy a dressing down in front of other teachers, and that, although it might be reconciled by reference to different school-district needs or different decisionmakers, Hobdy's loss of the assistant principal job carried with it more hardship than the comparable loss faced by Farrell. Certainly one can easily state an innocent explanation of all these, but a contrary inference favoring Hobdy on pretext to me seems to be permissible. For example,

1

one might view O'Riley's frequent and harshly critical notes, delivered to Hobdy, which started soon after Hobdy started his new job, as legitimate but tough criticisms, with the timing motivated by her trying to turn Hobdy around after she had urged his being hired for administrative work; but one also might view these notes, as Hobdy did, as a campaign of harassment, or as a pretextual attempt to paper the file. In my view, Hobdy's tale in its factual aspects, if fully credited, raises a genuine issue about the motive of O'Riley, and traditionally such issues of motive have been thought factual and submitted to the trier of fact. *See, e.g.*, *Stegall v. Citadel Broadcasting Co.*, 350 F.3d 1061, 1072–73 (9th Cir. 2004).

If the record viewed favorably to Hobdy only shows that O'Riley was a bad manager, harsh in criticism of subordinates, excessive in looking over their shoulders and unreasonably demanding on points that weren't critical to the job, that would not be enough to support a Title VII discrimination claim. But the record, again in the light most favorably to Hobdy, rather than most favorable to O'Riley and the school district, shows more. I would let a jury decide.