116 F.3d 484
 10 NDLR P 158
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David HAIGHT, Plaintiff-Appellant,
v.
HAWAII PACIFIC UNIVERSITY, Defendant-Appellee.
 No. 95-16810.
 United States Court of Appeals, Ninth Circuit.
 June 16, 1997.
 
 Appeal from the United States District Court for the District of Hawaii Samuel P. King, District Judge, Presiding
 Before: NORRIS, HALL, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Because the parties are familiar with the facts of this case, we do not recite them. We review de novo the district court's grant of summary judgment. Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996). Because Haight has failed to show that there is any issue of material fact or that the district court incorrectly applied the law, we affirm. Id.
 
 
 3
 Haight has introduced no evidence supporting his contention that Hawaii Pacific University ("HPU") violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12102 & 12181, or the Rehabilitation Act ("RA"), 29 U.S.C. § 794, when it dismissed him from its nursing program. At oral argument, Haight conceded that he did not suffer any injury during the four months between the time he was dismissed from HPU's nursing program and the time HPU agreed to negotiate his readmission. His argument, then, is that HPU's qualified offer of readmission (the product of the negotiations) excluded him from the nursing program in violation of the ADA and the RA. This argument has no merit.
 
 
 4
 To establish a violation of the ADA or the RA, a plaintiff must show that he (1) is disabled, (2) is "otherwise qualified" for access to the accommodation, if reasonable modifications are made to accommodate his disabilities, and (3) has been excluded because of his disability. See McGregor v. Louisiana State Univ. Bd. of Supervisors, 3 F.3d 850, 854 (5th Cir.1993) (RA case); Nathanson v. Medical College, 926 F.2d 1368 (3d Cir.1991); see also Bradley v. Harcourt, Brace, and Co., 104 F.3d 267, 271 (9th Cir.1996) (applying three part test to ADA case). Even assuming that he is disabled and "otherwise qualified," Haight cannot show that he has been excluded "because of" his disability; he has not shown that HPU's offer of conditional readmission excluded him from the program at all. In fact, after agreeing to conditional readmission, Haight never even attempted to fulfill the agreed upon readmission conditions. He therefore cannot show that the conditions were used to exclude him. Nor has he suggested that the conditions of readmission were so onerous as to amount to a constructive bar to readmission. As a result, Haight cannot show that he has been excluded; therefore, he cannot show that HPU has violated the ADA or the RA.
 
 
 5
 Much of Haight's argument is devoted to the futile contention that HPU was required to "gather information" regarding his disability before dismissing him. While the ADA and the RA do impose a duty to gather information in some cases, 28 C.F.R. § 36.208(c); Mantolete v. Bolger, 767 F.2d 1416, 1422 (9th Cir.1985), this is not one of them. A public accommodation is only required to gather information when it seeks to exclude a disabled person from a program on the ground that the disabled person is not "otherwise qualified" because he or she will pose a safety risk if allowed to participate. Id. In such cases, the public accommodation must gather information establishing that the disabled person will indeed pose a safety risk, before excluding that person. Id. Here, however, Haight cannot show that he has been excluded from the program; thus, the ADA's information-gathering requirement does not apply. As noted above, Haight does not argue that he was excluded at the time of his initial dismissal, and he has failed to show that HPU's offer of conditional readmission served to exclude him.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit, except as provided by Ninth Cir. R. 36-3