117 F.3d 1424
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bobby ADAMS, Plaintiff-Appellant,
v.
CITY OF LOS ANGELES; Joe C. Gelman; James P. Mulkeen; T.
Warren Jackson; Paul J. Gonzales; Herman Maddox,
Defendant-Appellees.
 No. 96-55938.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997**
Decided June 24, 1997.
 
 Appeal from the United States District Court for the Central District of California, No. CV-95-01032-RAP; Richard A. Paez, District Judge, Presiding.
 Before: GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Bobby Adams appeals the district court's grant of summary judgment for defendants in his disability discrimination action under the Americans with Disabilities Act, 42 U.S.C. §§ 12101, 12112(a) ("the ADA"), the Fair Employment and Housing Act, Cal. Gov't Code §§ 12900, 12940 ("the FEHA"), and 42 U.S.C. § 1983.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's grant of summary judgment. See Bradley v. Harcourt, Brace & Co., 104 F.3d 267, 269 (9th Cir.1996). "We must determine, viewing the evidence in the light most favorable to the non-moving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." Id.
 
 
 4
 Adams contends that the district court erred by concluding that he failed to present a prima facie case of disability under state or federal law. We disagree.
 
 
 5
 To state a prima facie case under the ADA, an employee must prove, inter alia, that he is disabled within the meaning of the ADA. See Sanders v. Arneson Prods., Inc., 91 F.3d 1351, 1353 (9th Cir.1996), cert. denied, 117 S.Ct. 1247 (1997). Section 12102(2)(A) defines "disability" as "a physical or mental impairment that substantially limits one or more of the major life activities of [the] individual." The appendix to the regulations states that "temporary, non-chronic impairments of short duration, with little or no long term or permanent impact, are usually not disabilities." 29 C.F.R. pt. 1630 app., § 1630.2(j).
 
 
 6
 The record is bereft of support for Adams' claim that the physical impairments imposed by the problems with his perianal fistulae are either chronic or severe enough to constitute a disability under the ADA. The district court found that Adams' medical condition constituted an impairment which substantially limited his major life activities for short periods of time. He fully recovered from this temporary condition, however, and was able to return to work. Accordingly, the district court properly decided that Adams failed to state a prima facie case of disability. See Sanders, 91 F.3d at 1354.
 
 
 7
 Since interpretations of the ADA control disability discrimination claims under the FEHA, we affirm the district court's grant of summary judgment on the FEHA claim for similar reasons. See Bradley, 104 F.3d at 271 (holding that California relies on federal discrimination decisions to interpret the FEHA).
 
 
 8
 Finally, Adams contends the district court erred by granting summary judgment for defendants on his § 1983 claims. Since we hold that Adams failed to create a genuine issue of material fact regarding any violation by defendants under the ADA or the FEHA, Adams has no basis to claim a violation of § 1983. See Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir.1991) (holding that a § 1983 plaintiff must allege an independent substantive basis for relief).
 
 
 9
 Because certain evidence in Adams' Excerpts of Record was not presented to the district court, we do not consider it here. See USA Petroleum Co. v. Atlantic Richfield Co., 13 F.3d 1276, 1279 (9th Cir.1994) (holding that only the record that was before the district court can be considered, and that the summary judgment record cannot be supplemented on appeal).
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Appellant's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Adams has not appealed the district court's dismissal of his other claims