**Rufus M. HENDERSON,**
**Plaintiff–Appellant,**

v.

**Thomas E. WHITE,*** **Secretary of the**
**Army, Defendant–Appellee.**

**No. 00–16078.**
**D.C. No. CV–97–00241–RHW.**

United States Court of Appeals,
Ninth Circuit.

---

* Thomas E. White is substituted for his predecessor, Louis Caldera, as Secretary of the

Submitted Nov. 6, 2001.**

Decided Nov. 26, 2001.

Army.

** The panel unanimously finds this case suitable for decision without oral argument pursuant to Fed. R.App. P. 34(a)(2).

Before CANBY, GRABER, and PAEZ, Circuit Judges.

### MEMORANDUM ***

Plaintiff Rufus Henderson appeals the district court's grant of summary judgment in favor of the Secretary of the Army, in an action alleging racial discrimination and retaliation in violation of Title VII. We affirm.

We have considerable doubt whether Henderson made out a prima facie case of discrimination and whether all of the Army's employment decisions of which he complains constituted "adverse employment actions" for purposes of Title VII, even under our circuit's broad interpretation of that category. *See Ray v. Henderson*, 217 F.3d 1234, 1240–43 (9th Cir.2000). We need not address those questions, however, because no reasonable jury could find that the neutral reasons set forth by the Army for its actions are pretextual.

The Army provided legitimate, non-discriminatory reasons for Henderson's transfer, for the Army's refusal to terminate two of Henderson's subordinates as requested by Henderson, for Henderson's poor performance review, and for the Army's delay in processing Henderson's complaint. The Army supervisor transferred Henderson because of his documented poor performance as a manager and because of the Army's need to replace the entire staff at the EEO office. Henderson's supervisor showed that the Army lacked evidence and documentation to terminate Henderson's subordinates. The Army further produced evidence that Henderson set his own performance standards and did not meet them due to his

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

poor managerial skills. Finally, the Army provided sufficient evidence that the delay in processing Henderson's complaint was due to a TRADOC employee's need to take emergency leave because of her father's death and her husband's heart attack.

With regard to Henderson's retaliation claims, the Army articulated legitimate, non-retaliatory explanations for the transfers and the poor performance review. It further explained that Henderson was not deprived of any supervisory duties in the TQM office. When Col. Elliot transferred Henderson to the TQM office, he intentionally did not give him supervisory responsibilities because Henderson had proven to be a poor manager in the EEO office.

Henderson produced no meaningful evidence that the Army's proffered explanations are false or that his supervisors harbored discriminatory animus toward him because he is African–American. *See Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 270 (9th Cir.1996). Jerry Colonna was not similarly situated to Henderson for purposes of establishing discriminatory animus; unlike Henderson, Colonna was disciplined for behavior unrelated to his job performance. Without "specific, substantial evidence" to show discriminatory intent or pretext, there is no genuine issue of material fact as to whether the Army intentionally discriminated against Henderson or retaliated against him in violation of Title VII. *Id.*

The district court's grant of summary judgment in favor of the Secretary is

**AFFIRMED.**