**Kenneth B. JUSTICE, Plaintiff—Appellant,**

v.

**MARTIN AUTOMATIC, INC., Defendant—Appellee.**

No. 01–55323.

D.C. No. CV–96–00245–RT.

United States Court of Appeals, Ninth Circuit.

Submitted April 10, 2002.*

Decided May 1, 2002.

Before REINHARDT and GRABER, Circuit Judges, and HUNT,** District Judge.

**MEMORANDUM ***

Plaintiff Kenneth B. Justice appeals the district court's grant of Defendant Martin Automatic, Inc.'s ("MAI") cross-motion for partial summary judgment on Justice's age discrimination claim under the California Fair Employment and Housing Act ("FEHA"). On *de novo* review, we affirm.

California employs a three part burden shifting analysis for evaluating discrimination cases. *Guz v. Bechtel Nat'l, Inc.*, 24 Cal.4th 317, 100 Cal.Rptr.2d 352, 8 P.3d 1089, 1113 (Cal.2000) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)). Under the *McDonnell Douglas* framework, the employee bears the initial burden of demonstrating a *prima facie* case of discrimination against the employer. If the employee establishes a *prima facie* case, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for its employment decision. Finally, the plaintiff must show that the employer's asserted reason for termination is a pretext for another motive that is discriminatory.

Although Justice presented a *prima facie* case of discrimination,[1] MAI presented

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Roger L. Hunt, United States District Judge for the District of Nevada, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. He was over 40, he presented evidence by way of statements made by David Wright, MAI's Vice President of Sales, that his performance was satisfactory, he was terminated, and his replacement was substantially younger than he.

a legitimate reason for termination, namely Justice's lackluster sales combined with MAI's desire to re-hire an outstanding former employee in his place. Thus, the burden shifted to Justice to show that the stated reason for discharge was false and that the true reason was a discriminatory one. To meet its burden, Justice needed to produce " 'specific, substantial evidence of pretext.' " *Horn v. Cushman & Wakefield Western, Inc.*, 72 Cal.App.4th 798, 85 Cal.Rptr.2d 459, 466 (Cal.App.1999) (quoting *Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 270 (9th Cir.1996)).

Justice attempted to meet his burden by pointing to allegedly inconsistent statements by David Wright, MAI's Vice President of Sales, regarding the reasons for Justice's termination. However, even if Wright's statements were inconsistent, Justice presented no evidence that his termination was motivated by animus toward older workers. To the contrary, the evidence demonstrates that MAI does not discriminate against older individuals. MAI presented employment data showing that in 1997, 40 percent of all employees at MAI and 76 percent of MAI's Sales Department were over forty years old. In fact, Wright, who terminated Justice, was nearly as old as Justice, and the company head with whom Wright consulted was even older than Justice. Having presented insufficient evidence that MAI's stated reasons for termination were pretextual, Justice's age discrimination claim fails.

AFFIRMED.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.