Gloria AULD, Plaintiff–Appellant,

v.

John W. SNOW, Secretary of the Treasury, Defendant–Appellee.

No. 03–16274.

D.C. No. CV–01–20420–JF.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.*
Decided June 22, 2005.

Before KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

MEMORANDUM**

Gloria Auld appeals pro se the district court's summary judgment in favor of her employer, the Internal Revenue Service ("IRS"), in her Title VII action alleging

racial discrimination and retaliation. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Devereaux v. Abbey,* 263 F.3d 1070, 1074 (9th Cir.2001) (en banc), and we affirm.

The district court properly granted summary judgment on Auld's discrimination claim under Title VII because Auld failed to raise a genuine issue of material fact as to whether the IRS's failure to follow up on Auld's lateral transfer request was due to a discriminatory motive and not a consequence of Auld cancelling, and not rescheduling, a meeting with her superior to discuss transfer request. *See Aragon v. Republic Silver State Disposal, Inc.,* 292 F.3d 654, 658–59 (9th Cir.2002).

The district court properly granted summary judgment on Auld's retaliation claim under Title VII because Auld failed to raise a genuine issue of material fact as to whether there was a causal link between the IRS's actions and any protected activity, *see Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1064–65 (9th Cir.2002), or whether the IRS's actions were pretextual, *see Bradley v. Harcourt Brace & Co.,* 104 F.3d 267, 270 (9th Cir.1996).

The district court properly granted summary judgment on Auld's hostile work environment claims because, although deplorable, the incidents do not rise to the level contemplated by Title VII. *See Kortan v. California Youth Authority,* 217 F.3d 1104, 1110 (2000) (holding that conduct must be extreme to amount to a change in the terms and conditions of employment).

The district court properly did not consider Auld's claims involving incidents that

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

post-date her 1987 EEOC complaint because Auld failed to first raise these claims with the EEOC. *See* 42 U.S.C. § 2000e–16(c); *Sommatino v. United States,* 255 F.3d 704, 708 (9th Cir.2001); *Brown v. Puget Sound Elec. Apprenticeship & Training Trust,* 732 F.2d 726, 730 (9th Cir.1984) (requiring separate EEOC complaints where claims are not so closely related that agency action would be redundant).

We decline to consider contentions raised for the first time on appeal. *See Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills,* 321 F.3d 878, 882 (9th Cir. 2003).

Auld's remaining contentions lack merit.

**AFFIRMED.**