**Bill LEWIS, Plaintiff—Appellant,**

v.

**POSTMASTER GENERAL,
Defendant—Appellee.**

No. 05–16191.

United States Court of Appeals,
Ninth Circuit.

Submitted March 8, 2006.*

Decided March 16, 2006.

Bill Lewis, Oakland, CA, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jocelyn Burton, Esq., Shari Hollis–Ross, San Francisco, CA, for Defendant—Appellee.

Before: CANBY, BEEZER, and KOZINSKI, Circuit Judges.

## MEMORANDUM **

Bill Lewis appeals pro se from the district court's summary judgment in favor of his employer, the United States Postal Service ("USPS"), in his action alleging discrimination on the basis of sex in violation of Title VII. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's grant of summary judgment de novo, *Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 269 (9th Cir.1996), and we affirm.

The district court properly granted summary judgment on Lewis' sex discrimination claim, because he failed to raise a triable issue of material fact as to whether USPS's rationale for transferring him and assigning him certain work was a pretext for an improper motive. *Id.* at 270.

Lewis' claim that he suffered Title VII discrimination when USPS denied him his alleged rights under the Family and Medical Leave Act ("FMLA") fails because he was not entitled to FMLA leave to care for his mother-in-law. *See* 29 C.F.R. § 825.113 (explaining that the term "parent" does not include parents "in law" for purposes of qualifying to take FMLA leave).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Lewis' remaining contentions lack merit.

**AFFIRMED.**