**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BILLY TAYLOR, | No. 09-16766 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-01984-DGC |
| v. | |
| HORIZON DISTRIBUTORS, INC., | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted September 22, 2010[**]

Before:     WALLACE, HAWKINS, and THOMAS, Circuit Judges.

Horizon Distributors, Inc. ("Horizon") presented evidence showing a

legitimate, nondiscriminatory reason for its decision to rescind its conditional offer

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of employment to Billy Taylor ("Taylor"), who failed to present evidence creating a genuine issue of material fact as to whether or not this reason was pretextual. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1062 (9th Cir. 2002) (circumstantial evidence of pretext must be both specific and substantial); *see also Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 270-71 (9th Cir. 1996) (where same actor who offers plaintiff employment terminates it within a short time span "a strong inference arises that there was no discriminatory motive").

The district court did not abuse its discretion by denying Taylor's motion for reconsideration because he failed to present a showing of "manifest error or a showing of new facts or legal authority that could not have been brought to [the district court's] attention earlier with reasonable diligence." D. Ariz. Civ. R. 7.2(g)(1).

The district court permitted Taylor extensive discovery and did not abuse its discretion by denying his requests for further discovery of marginal relevance. *See Cornwell v. Electra Central Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006) ("District courts have wide latitude in controlling discovery and their rulings will not be overturned in the absence of a clear abuse of discretion.") (citations, internal quotation marks and brackets omitted); *Maljack Productions, Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 888 (9th Cir. 1996) (no abuse of discretion to

deny discovery regarding facts that, even if established, would not preclude summary judgment, nor to deny further discovery that party believed *may* exist).

The district court did not abuse its discretion by denying Taylor's motions for sanctions. *See Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 819 (9th Cir. 2009) (setting forth standard of review).

The district court did not abuse its discretion by striking Taylor's surreply. *See S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 807 (9th Cir. 2002) (district courts have inherent power to control their dockets, and their decisions to that end are reviewed for an abuse of discretion).

**AFFIRMED.**