**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARL KNIGHT, | No. 11-35592 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-00753-JLR |
| v. | |
| KATHY BROWN; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Argued and Submitted June 7, 2012
Seattle, Washington

Before: SILVERMAN and MURGUIA, Circuit Judges, and KOBAYASHI,
District Judge.[**]

Carl Knight appeals the district court's order granting summary judgment in

favor of the Defendants on his claims of disparate treatment, hostile work

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Leslie E. Kobayashi, District Judge for the District of Hawaii, sitting by designation.

environment, retaliation, and unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a), 42 U.S.C. §§ 1981 and 1983, and the Washington Law Against Discrimination. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

First, Knight failed to establish a prima facie case of disparate treatment because he could not show that a similarly situated non-African American sergeant was treated more favorably. Gene Willard and Knight were not similarly situated "in all material respects." *See Moran v. Selig*, 447 F.3d 748, 755 (9th Cir. 2006). Willard was the most senior security sergeant, and his seniority allowed him first pick of assignments and shifts. Because Knight could not make out a prima facie case of disparate treatment, the district court properly entered summary judgment. *See id.* at 756–57.

Second, Knight asserts that Defendants created a hostile work environment. He points to one racially offensive comment made by Willard when Knight was promoted to sergeant over Caucasian security officers. The comment was an isolated incident, made outside of Knight's presence. Under our case law, the evidence provided by Knight is neither severe nor pervasive enough to alter the conditions of his employment and create an abusive work environment. *See Manatt v. Bank of Am., NA*, 339 F.3d 792, 799 (9th Cir. 2003).

Third, Knight argues that the district court erred in granting summary judgment on his retaliation claims. We disagree. Defendants proffered a legitimate, nondiscriminatory reason for Knight's demotion and suspension: he violated King County's Code of Ethics and the Facilities Management Division's Security Policy and Procedures when he requested non-public criminal information for a private bond company, asked for a fingerprint comparison for that same private company, and sought to have a fugitive's warrant changed. Because Defendants had a nondiscriminatory reason for the adverse employment actions, Knight bore the burden to prove that the reason was pretextual through specific and substantial evidence. *See Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 270 (9th Cir. 1996). He failed to carry his burden; his reliance on temporal proximity and unsubstantiated, subjective statements cannot prevent summary judgment. *See Brown v. City of Tucson*, 336 F.3d 1181, 1187–88 (9th Cir. 2003).

Lastly, we affirm the district court's grant of summary judgment with respect to Knight's § 1983 claims against the County. Knight failed to prove that Kathy Brown, the director of the Facilities Management Division, was a final policymaking official, that the County maintained an unconstitutional policy or custom, or that there was any other basis to impose municipal liability on the

3

County.  *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690–94 (1978); *Gillette v. Delmore*, 979 F.2d 1342, 1346–47 (9th Cir. 1992).

   **AFFIRMED.**