
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUKE ROMERO, M.D., | No.    14-17280 |
| Plaintiff-Appellant, | D.C. No. 3:11-cv-04812-WHO |
| v. | |
| | MEMORANDUM[*] |
| COUNTY OF SANTA CLARA, DBA Santa Clara Valley Medical Center; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick III, District Judge, Presiding

Argued and Submitted October 19, 2016
San Francisco, California

Before:  THOMAS, Chief Judge, and BEA and IKUTA, Circuit Judges.

Dr. Luke Romero appeals the district court's order granting summary

judgment in favor of Santa Clara Valley Medical Center (SCVMC) on his

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

disability discrimination, retaliation, and wrongful termination claims.[1] Romero also appeals the entry of judgment in the defendants' favor following a jury trial on the claims not dismissed at summary judgment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court properly granted summary judgment on Romero's interactive-process claim because Romero bears responsibility for the breakdown in the interactive process. *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1089 (9th Cir. 2002). Romero not only repeatedly asserted that he was not seeking reasonable accommodations other than additional medical leave, but also characterized the County's attempts to initiate the reasonable accommodations process as harassment. Additional medical leave of unspecified duration — the sole accommodation that Romero sought and was willing to accept — was not reasonable because Romero had already been given three extensions to the initial period of leave granted, Dr. Collyer viewed his potential return to SCVMC as "counter-therapeutic," and Dr. Verrinder testified that she was merely "hopeful" that Romero could return to work even with a fourth extension. *See Dark v. Curry County*, 451 F.3d 1078, 1090 (9th Cir. 2006) (noting that "recovery time of

---

[1] The same analysis applies to Romero's federal claims and California state-law claims. *See Humphrey v. Mem'l Hosp. Ass'n*, 239 F.3d 1128, 1133 n.6 (9th Cir. 2001).

unspecified duration may not be a reasonable accommodation" especially when the employee "cannot state when and under what conditions he could return to work").

Because Romero could not return to work at SCVMC with a reasonable accommodation, he "cannot show that he was qualified at the time of his discharge." *Mayo v. PCC Structurals, Inc.*, 795 F.3d 941, 944 (9th Cir. 2015); *see* 42 U.S.C. § 12111(8). And because Romero cannot establish that he was a qualified individual, he also cannot establish a prima facie case for either disability discrimination, *see Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 271 (9th Cir. 1996), or failure to accommodate, *see Samper v. Providence St. Vincent Med. Ctr.*, 675 F.3d 1233, 1237 (9th Cir. 2012). The district court did not err in granting summary judgment on those claims.

The district court properly granted summary judgment on Romero's wrongful-termination claim and retaliation claims to the extent they were based on his termination. Romero cannot establish a causal connection between any protected activity of which SCVMC was aware, *see Raad v. Fairbanks N. Star Borough Sch. Dist.*, 323 F.3d 1185, 1197 (9th Cir. 2003), and the resulting adverse employment action, his termination. *See Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 849 (9th Cir. 2004); *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000).

The temporal proximity between Romero's complaint to the Accreditation Council for Graduate Medical Education and his termination does not establish causation because the complaint was made anonymously and SCVMC was not informed of the complaint until after Dr. Bridget Philip set the conditions of Romero's termination in the September 18 letter. Romero's January 2012 and September 2012 complaints to the California Department of Fair Employment and Housing are also insufficient to establish causation because Romero offers no evidence that SCVMC was aware of these complaints.

Nor could Romero establish causation by demonstrating an ongoing pattern of retaliation. *See Porter v. Cal. Dep't of Corr.*, 419 F.3d 885, 894–96 (9th Cir. 2004). The jury's verdict for SCVMC necessarily implies that it found that the peer reviews were not retaliatory, a finding that is entitled to preclusive effect. *See Westinghouse Elec. Corp. v. Gen. Circuit Breaker & Elec. Supply Inc.*, 106 F.3d 894, 901 (9th Cir. 1997). Neither Dr. Friedrich Moritz's May 9, 2011, email raising the possibility of closer monitoring nor the in-progress HIPAA and peer-review confidentiality investigations were "sufficiently final to constitute an adverse employment action." *Brooks*, 229 F.3d at 930.

The district court did not abuse its discretion in granting SCVMC's motion in limine to exclude Dr. Jana Dolnikova, Richard Hughes, and Dr. Carla Shnier's

4

testimony about their personal experiences with retaliation and discrimination. The district court identified the correct legal standard, *see* Fed. R. Evid. 403, and its application of Rule 403 was not illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *See United States v. Torres*, 794 F.3d 1053, 1059 (9th Cir. 2015) (citing *United States v. Hinkson*, 585 F.3d 1247, 1261–62 (9th Cir. 2009) (en banc)). Because the evidence at issue did not show SCVMC's hostility toward "a group defined by clearly established parameters such as gender or race," the district court could reasonably conclude that the testimony would be of limited probative value. *Beachy v. Boise Cascade Corp.*, 191 F.3d 1010, 1014 (9th Cir. 1999) (citations omitted).

**AFFIRMED.**