

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RITESH TANDON, | No. 21-15312 |
| Plaintiff-Appellant, | D.C. No. 5:19-cv-00212-EJD |
| v. | |
| GN AUDIO USA, INC.; GN NETCOM, INC., | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| JABRA; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Argued and Submitted March 15, 2022
San Francisco, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: CHRISTEN and BRESS, Circuit Judges, and FEINERMAN,[**] District Judge.

Ritesh Tandon appeals the district court's entry of summary judgment in favor of defendants[1] on his claims for: (1) discrimination and retaliation pursuant to California's Fair Employment and Housing Act (FEHA); (2) retaliation pursuant to section 1102.5 of California's Labor Code; and (3) wrongful termination in violation of California public policy. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's order granting summary judgment, *see Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 759 (9th Cir. 2017), and we may affirm on any ground supported by the record, *see Vestar Dev. II, LLC v. Gen. Dynamics Corp.*, 249 F.3d 958, 960 (9th Cir. 2001).[2]

1.      Tandon argues that the district court erred by entering judgment in favor of GN on his claims for discrimination and retaliation pursuant to FEHA. The *McDonnell Douglas* three-part framework applies to these claims. *See Earl v. Nielsen Media Rsch., Inc.*, 658 F.3d 1108, 1112 (9th Cir. 2011) (applying the framework to a FEHA discrimination claim); *Walker v. City of Lakewood*, 272

---

[**]      The Honorable Gary Feinerman, United States District Judge for the Northern District of Illinois, sitting by designation.

[1]      We refer to defendants collectively as "GN."

[2]      Because the parties are familiar with the facts, we recite only those facts necessary to decide the appeal.

2

F.3d 1114, 1128, 1131 n.8 (9th Cir. 2001) (applying the framework to a FEHA retaliation claim); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973). That framework provides: (1) Tandon bears the burden of establishing a prima facie case of discrimination and retaliation; (2) if he does so, GN must provide a legitimate nondiscriminatory and nonretaliatory reason for its actions; and (3) if GN meets its burden, Tandon must raise a triable issue that GN's proffered reason is pretext for unlawful discrimination and retaliation. *See Earl*, 658 F.3d at 1112. But the "ultimate burden of persuasion remains with [Tandon]." *See id.*

We assume that Tandon established a prima facie case of discrimination and retaliation pursuant to FEHA. Tandon does not dispute that GN provided legitimate nondiscriminatory and nonretaliatory reasons for terminating his employment. Tandon instead argues on appeal that GN's articulated reasons were pretextual. To show pretext, Tandon must offer "'specific' and 'substantial'" supporting evidence. *See Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1222 (9th Cir. 1998) (quoting *Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 270 (9th Cir. 1996)); *see also Morgan v. Regents of Univ. of Cal.*, 105 Cal. Rptr. 2d 652, 670 (Ct. App. 2000) (explaining that, to establish pretext, a plaintiff must show "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in

the employer's proffered legitimate reasons for its action that a reasonable factfinder *could* rationally find them 'unworthy of credence'" (quoting *Horn v. Cushman & Wakefield W., Inc.*, 85 Cal. Rptr. 2d 459, 465–66 (Ct. App. 1999)).

Tandon asserts that he has proffered sufficient evidence of pretext. Specifically, Tandon asserts that GN's justification for terminating him was "fals[e]," reasoning that: (1) it is disputed whether Tandon's qualifications and skills would have permitted him to shift to a software-centric approach; (2) it is disputed whether Tandon could lead and work with others; and (3) the evidence is inconsistent with GN's purported reasons for terminating him. Tandon also argues that GN failed to investigate his "over 25 complaints" and did not give him a chance to address any performance deficiencies.

We conclude that Tandon failed to raise a triable issue that GN's proffered reasons for terminating him were pretext for unlawful discrimination and retaliation. Tandon does not challenge that Reisinger alone terminated him, and Tandon does not raise a genuine dispute that Reisinger: (1) decided Tandon would not be an effective employee in GN's changed strategy and structure; and (2) thought numerous employees had complained about Tandon's communication skills and work style. Although Reisinger gave more than one reason for terminating Tandon, the record supports that the decision was based on "a totality

4

of the circumstances," and Tandon failed to raise a genuine dispute that Reisinger's reasons were incompatible, inconsistent, or conflicting, *see Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1063 (9th Cir. 2002); *Morgan*, 105 Cal. Rptr. 2d at 670 (emphasizing a plaintiff must show incoherencies or other contradictions in the employer's proffered legitimate reasons for its action). Tandon cites no authority establishing that GN had a duty to notify him about any performance deficiencies, and in any event fails to dispute GN's evidence that he was afforded an opportunity to improve his performance. The failure to investigate complaints can be evidence of pretext in certain circumstances, but the long gap between Tandon's complaints and his termination renders the lack of an investigation too attenuated from his termination to support a finding of pretext. *Cf. Mendoza v. W. Med. Ctr. Santa Ana*, 166 Cal. Rptr. 3d 720, 728 (Ct. App. 2014) (holding that plaintiff's discharge "soon after he reported" misconduct suggested a retaliatory motive). For these reasons, the district court properly entered judgment in GN's favor on Tandon's claims for discrimination and retaliation pursuant to FEHA.

2. Tandon argues that he stated a prima facie case of retaliation pursuant to section 1102.5 of California's Labor Code. We disagree. Section 1102.5 prohibits employers from retaliating against employees for engaging in "protected activities." *See Lawson v. PPG Architectural Finishes, Inc.*, 503 P.3d 659, 667

5

(Cal. 2022). An employee engages in protected activity "when the employee discloses 'reasonably based suspicions of illegal activity.'" *Ross v. County of Riverside*, 248 Cal. Rptr. 3d 696, 704–05 (Ct. App. 2019) (quoting *Green v. Ralee Eng'g Co.*, 960 P.2d 1046, 1059 (Cal. 1998)). The employee "must be able to point to some legal foundation for his suspicion—some statute, rule or regulation [that] may have been violated by the [relevant] conduct." *Id.* at 705 (quoting *Fitzgerald v. El Dorado County*, 94 F. Supp. 3d 1155, 1172 (E.D. Cal. 2015)). Tandon cites no evidence showing that his suspicion of illegal activity was based on a statute, rule, or regulation. Thus, the district court properly entered judgment in GN's favor on Tandon's section 1102.5 claim.

3. Tandon does not dispute on appeal that his claim for wrongful termination in violation of California public policy is derivative of his underlying FEHA and section 1102.5 claims. Because we affirm the district court's judgment in favor of GN on Tandon's FEHA and section 1102.5 claims, we also affirm the district court's dismissal of Tandon's wrongful termination claim.

**AFFIRMED.**