**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 14 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

MICHAEL GUNZENHAUSER,

    Plaintiff - Appellant,

v.

PAMELA BONDI, Attorney General,

    Defendant - Appellee.

No. 24-2232

D.C. No.
3:22-cv-03406-WHO

MEMORANDUM[*]

---

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Submitted May 12, 2025[**]
San Francisco, California

Before: BEA and DE ALBA, Circuit Judges, and BROWN, District Judge.[***]

Appellant Michael Gunzenhauser appeals the district court's order granting

summary judgment in favor of the Bureau of Prisons ("BOP"). Gunzenhauser

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Jeffrey Vincent Brown, United States District Judge
for the Southern District of Texas, sitting by designation.

claims that the BOP discriminated against him due to his disability in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq.*, when he was not named to a position for which he applied in 2016. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's grant of summary judgment de novo. *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001). "We determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Wallis v. Princess Cruises, Inc.*, 306 F.3d 827, 832 (9th Cir. 2002). We affirm.

We analyze discrimination claims under the Rehabilitation Act using the *McDonnell Douglas* burden-shifting framework. *Mustafa v. Clark Cnty. Sch. Dist.*, 157 F.3d 1169, 1175–76 (9th Cir. 1998) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). Under this framework, if the plaintiff makes a prima facie showing of disability discrimination, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its employment decisions. *McDonell Douglas*, 411 U.S. at 802–04. Once the defendant discharges this burden, then the plaintiff must show that the proffered reasons are pretext for discrimination. *Id.*

1. The district court correctly found that Gunzenhauser failed to meet his burden to establish a genuine dispute of material fact showing that the BOP's

reason for his non-selection as the Regional Education Administrator ("REA") is pretextual. Gunzenhauser argues that the BOP's proffered reason is pretextual because he was the "clearly superior" candidate for the position. But Gunzenhauser failed to produce specific and substantial evidence to support his claim. *See Vasquez v. Cnty. Of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003) ("To show pretext using circumstantial evidence, a plaintiff must put forward specific and substantial evidence challenging the credibility of the employer's motives."). Although Gunzenhauser had experience as the REA, his former supervisor from when Gunzenhauser held the REA position provided a negative reference and stated that he would not hire Gunzenhauser as the REA.

Nor is there evidence in the record suggesting that the selecting official doubted the veracity of the negative reference when she relied on it or that she sought that reference knowing it would be negative. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1063 (9th Cir. 2002) (requiring only honest belief in reason for hiring actions, even if foolish, trivial, or baseless). Additionally, the candidate ultimately selected was at least as qualified as Gunzenhauser. *See Raad v. Fairbanks N. Star Borough Sch. Dist.*, 323 F.3d 1185, 1194 (9th Cir. 2003) (noting that a showing that plaintiff was the "clearly superior" candidate can be sufficient to create a disputed fact regarding pretext); *see also Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 270 (9th Cir. 1996) (holding that "an employee's

subjective personal judgment of [his] competence alone do not raise a genuine issue of material fact" regarding pretext).

Finally, Gunzenhauser's contention that the selecting official improperly relied on criteria not included in the job posting, *i.e.*, educational background, is unavailing. Given how close in qualifications both candidates were and that they both included their educational background in their resumes, it was logical for the selecting official to consider it. Furthermore, in Gunzenhauser's single case in support, the plaintiff successfully produced substantial direct and circumstantial evidence of pretext. *See Bergene v. Salt River Project Agric. Imp. & Power Dist.*, 272 F.3d 1136, 1142 (9th Cir. 2001). Such evidence is lacking here.

Gunzenhauser "created only a weak issue" as to whether he was the clearly superior candidate "against a backdrop of abundant and uncontroverted independent evidence that no discrimination has occurred." *Opara v. Yellen*, 57 F.4th 709, 726 (9th Cir. 2023) (cleaned up) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148 (2000) (noting that if the record "creates only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred," it will not suffice)). Thus, Gunzenhauser has failed to carry his burden to present specific and substantial evidence of a genuine issue of material fact as to the BOP's motive. *See Opara*, 57 F.4th at 724.

2. Gunzenhauser takes issue with a statement made by the district court as part of its opening remarks at the summary judgment hearing and contends that the district court misconstrued the legal standard. The context of the statement, however, shows that the district court was highlighting the evidence relevant to pretext and how that evidence was shifting the balance in favor of granting the motion; the district court was not reciting any legal standards. Most importantly, the district court issued a thorough summary judgment order in which it extensively recited and applied the correct legal standards to the facts of the case. Thus, the district court did not misconstrue the legal standard for summary judgment.

**AFFIRMED.**