
**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **NANCY RESNICK, M.D.,** | No. 14-15646 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-00172-ROS |
| v. | |
| **SYLVIA MATHEWS BURWELL, Secretary, U.S. Department of Health and Human Services,**[**] | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, Senior District Judge, Presiding

Submitted April 15, 2016[***]
San Francisco, California

Before: **WALLACE**, **SCHROEDER** and **KOZINSKI**, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] We substitute Sylvia Mathews Burwell for Kathleen Sebelius as the defendant-appellee. See Fed. R. App. P. 43(c)(2).

[***] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

**1.** Even assuming that Resnick stated a prima facie case of sex discrimination, she cannot prevail. Resnick's employer articulated a "legitimate, nondiscriminatory" reason for firing her—namely that she was the subject of seven complaints by patients and hospital staff. Hawn v. Exec. Jet Mgmt., Inc., 615 F.3d 1151, 1155 (9th Cir. 2010). And Resnick didn't provide direct or circumstantial evidence that this reason was a pretext for discrimination. While she believed that the hospital encouraged patients to file complaints against her, she failed to set forth any evidence besides her own declaration containing her suspicions. Without more, Resnick can't supply the "specific, substantial evidence of pretext" needed to proceed on her sex discrimination claim. Godwin v. Hunt Wesson, Inc., 150 F.3d 1217, 1221 (9th Cir. 1998) (quoting Bradley v. Harcourt, Brace & Co., 104 F.3d 267, 270 (9th Cir. 1996)).

**2.** Resnick did not show that Commander Dahozy fired her after being influenced by Dr. Rivera's comments that Resnick was Jewish and posed a "security risk" by coming to work on Saturdays. Absent any evidence of a nexus between that allegedly discriminatory remark and Commander Dahozy's firing decision, Resnick can't state a religious discrimination claim. See Vasquez v. Cty. of Los Angeles, 349 F.3d 634, 640 (9th Cir. 2004).

**AFFIRMED.**