NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 13 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MUSTAFA OZGUR,

　　　　　　Plaintiff-Appellant,

　v.

DAIMLER TRUCKS NORTH AMERICA
LLC,

　　　　　　Defendant-Appellee.

No.　20-35920

D.C. No. 3:19-cv-00432-JR

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Karin J. Immergut, District Judge, Presiding

Submitted October 7, 2021[**]
Portland, Oregon

Before:　W. FLETCHER, IKUTA, and BRESS, Circuit Judges.

　　Mustafa Ozgur appeals the district court's order granting summary judgment

for Daimler Trucks North America, LLC ("DTNA") on Ozgur's age discrimination

claim under the Age Discrimination in Employment Act (ADEA).　He also raises

---

　　[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision
without oral argument.　*See* Fed. R. App. P. 34(a)(2).

several discovery-related issues.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.    The district court did not err in finding that certain emails were protected by the attorney-client privilege.  We review the district court's rulings on the scope of the privilege de novo and the district court's factual findings for clear error.  *United States v. Richey*, 632 F.3d 559, 563 (9th Cir. 2011).  The attorney-client privilege extends "to communications by any corporate employee regardless of position when the communications concern matters within the scope of the employee's corporate duties and the employee is aware that the information is being furnished to enable the attorney to provide legal advice to the corporation." *Admiral Ins. Co. v. U.S. Dist. Ct. for Dist. Ariz.*, 881 F.2d 1486, 1492 (9th Cir. 1989) (citing *Upjohn Co. v. United States*, 449 U.S. 383, 394 (1981)).  Based on our *in camera* review of the disputed emails, the district court did not err in concluding that the emails either contained legal advice or were made for the purpose of obtaining legal advice.  Moreover, any error in holding that an email was privileged even though it was not a communication between DTNA and an attorney (because it predated DTNA's outside counsel's direct involvement), was harmless, because the failure to disclose that email did not prejudice Ozgur.  Ozgur's request for disclosure of these emails is therefore without merit.

2.    Even assuming the issue was properly preserved below, the magistrate

2

judge did not abuse her discretion in denying Ozgur's motion to compel further responses to Request for Production No. 11. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (standard of review). Request No. 11 was substantially overbroad. And although Ozgur now claims that he needed a further response to this request to obtain information about HN's age, Ozgur had other opportunities to secure this information in discovery. Regardless, there is no prejudice to Ozgur because, as explained below, even if HN was younger than Ozgur, Ozgur has still failed to establish a prima facie case of age discrimination under the ADEA.

3.    We review the district court's grant of summary judgment de novo, viewing the facts in the light most favorable to the non-moving party. *Earl v. Nielsen Media Rsch., Inc.*, 658 F.3d 1108, 1112 (9th Cir. 2011). To make out a prima facie case of age discrimination under the ADEA, Ozgur was required to show that "he was within the protected class of individuals between forty and seventy years of age, that he applied for a position for which he was qualified, and that a younger person with similar qualifications received the position." *Cotton v. City of Alameda*, 812 F.2d 1245, 1248 (9th Cir. 1987).

Even assuming that HN is substantially younger than Ozgur, Ozgur failed to raise a genuine issue of material fact as to whether HN was similarly qualified. Instead, the undisputed facts show that HN had superior qualifications for the position of Supervisor – Manufacturing Engineer, the position to which Ozgur and

HN applied. HN had past managerial experience and had already worked successfully in the position for over two years when the position was advertised, whereas Ozgur never formally held a position as a manager or supervisor at DTNA, and his managerial experience was indirect and dated.

While Ozgur argues that he had more total years of experience than HN, HN's own experience was substantial. Regardless, the "question is whether the other candidates are more qualified with respect to the criteria that [the employer] actually employs." *Id.* at 1249. In this case, DTNA's central consideration for the position was "demonstrated ability to perform manufacturing engineering project management," not total years of experience. Thus, Ozgur's "subjective personal judgments of h[is] competence alone do not raise a genuine issue of material fact." *Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 270 (9th Cir. 1996). Nor is there a dispute of material fact arising from DTNA's decision not to interview HN because DTNA was already familiar with HN's performance in the position in question.

**AFFIRMED.**