NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEEANN I. MOKIAO,<br><br>    Plaintiff-Appellant,<br><br> v.<br><br>HAWAIIAN ELECTRIC LIGHT<br>COMPANY, INC.,<br><br>    Defendant-Appellee. | No. 23-16084<br><br>D.C. No.<br>1:21-cv-00362-JAO-RT<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
Jill Otake, District Judge, Presiding

Submitted October 8, 2024**
Honolulu, Hawaii

Before: MURGUIA, Chief Judge, and GRABER and MENDOZA, Circuit Judges.

LeeAnn Mokiao ("Plaintiff") appeals the district court's entry of summary

judgment in favor of her employer, the Hawaiian Electric Light Company

("Hawaiian Electric"), in this Americans with Disabilities Act ("ADA")

---

  * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  ** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

employment discrimination action. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *John Doe 1 v. Abbott Lab'ys*, 571 F.3d 930, 933 (9th Cir. 2009), and affirm.

1. Assuming without deciding that Plaintiff raised a triable issue of fact regarding whether she suffered from post-traumatic stress disorder ("PTSD") while employed by Hawaiian Electric, the district court properly entered summary judgment because (1) Plaintiff has not established that her employer took any adverse employment action against her because of her PTSD, and (2) Plaintiff has not produced evidence that Hawaiian Electric's explanation for its decision was pretextual. Moreover, the district court did not abuse its discretion in denying Plaintiff's motion for reconsideration and motion to amend the complaint.

First, Plaintiff's claim fails because she has not demonstrated that she suffered any adverse employment action as a result of her PTSD. Plaintiff alleges that her employer did not allow her to rescind her resignation due to her PTSD. But the record shows that Plaintiff submitted her resignation because of her hypertension and risk of a heart attack, and that she later sought to withdraw her resignation because her blood pressure had improved. As the district court concluded, "nothing in the record ties Plaintiff's hypertension diagnosis to her

2

PTSD."[1]  Similarly, Plaintiff alleges that she sought an accommodation for her PTSD.  But the record shows that any such request was connected to the fact that Plaintiff "was in danger of having a heart attack," not to her PTSD.  Plaintiff's PTSD symptoms do not include hypertension, and even Plaintiff identifies hypertension as a separate disorder.  "A complaint guides the parties' discovery, putting the defendant on notice of the evidence it needs to adduce in order to defend against the plaintiff's allegations."  *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000).  Plaintiff cannot "surprise the [Defendant] at the summary judgment stage" or on appeal with a new theory of the case not properly pled in the complaint.  *See id.* at 1292–93.

Second, even if Plaintiff made a prima facie case of an ADA violation, the *McDonnell Douglas* framework would next require Hawaiian Electric to articulate "a legitimate, nondiscriminatory reason" for the adverse employment action.  *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506–07 (1993) (citation omitted).  If the defendant does so, then there is no presumption of discrimination, and the plaintiff may defeat summary judgment only by showing that the defendant's "proffered

---

[1] As the district court explained, Plaintiff's best evidence of a connection between her PTSD and alleged adverse employment action—a handful of comments calling Plaintiff "crazy," "bipolar," and a "problem," which occurred sometime between 2015 and 2018—is not compelling because it is too attenuated and does not explain what the causal link is between those comments and the refusal to allow Plaintiff to rescind.

nondiscriminatory reason is merely a pretext for discrimination." *Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1106 (9th Cir. 2008) (quoting *Dominguez-Curry v. Nev. Transp. Dep't*, 424 F.3d 1027, 1037 (9th Cir. 2005)). Here, Plaintiff cannot establish that Hawaiian Electric's stated reason for the alleged adverse employment decision—that it had progressed significantly in the process of finding her replacement—was pretextual. To avoid summary judgment, Plaintiff "must produce specific, substantial evidence of pretext." *Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 270 (9th Cir. 1996) (citation and internal quotation marks omitted). Plaintiff has not met her burden.

2.     The district court did not abuse its discretion in denying Plaintiff's motion for reconsideration. As an initial matter, the complaint makes no reference to an "interactive process." Moreover, Plaintiff's request for a reasonable accommodation was related to her hypertension, not the PTSD-related disability alleged in the complaint. "[T]he complaint gave [Defendant] no notice of the specific factual allegations presented for the first time in [Plaintiff's] opposition to summary judgment." *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 969 (9th Cir. 2006). "[O]ur precedents make clear that where, as here, the complaint does not include the necessary factual allegations to state a claim, raising such claim in a summary judgment motion is insufficient to present the claim to the district court." *Navajo Nation v. U.S. Forest Serv.*, 535 F.3d 1058, 1080 (9th Cir. 2008), *overruled*

4

*on other grounds by Apache Stronghold v. United States*, 101 F.4th 1036, 1043 (9th Cir. 2024) (en banc) (per curiam).

Similarly, the district court did not abuse its discretion in denying Plaintiff's motion to amend the complaint. "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). Plaintiff's proposed amendment—to add adjustment disorder and hypertension as disabilities in addition to PTSD—would have been futile because it would not have refuted Defendant's nondiscriminatory explanation for denying recission as pretextual. The record also shows that Plaintiff knew about her hypertension-related issues months before filing the complaint but never referenced them in the complaint nor provided an explanation for her failure to amend the complaint earlier. Plaintiff's motion to amend, filed nearly eight months past the deadline to amend pleadings and two months after Defendant filed its motion for summary judgment, demonstrated undue delay and would have prejudiced Defendant severely had it been granted.

**AFFIRMED.**